THE HONORABLE MARSHA J. PECHMAN
Boeing's Motion No. 36

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY BECK, et al., <br><br>                  Plaintiffs, <br><br>      v. <br><br> THE BOEING COMPANY, et al., <br><br>                  Defendants. | NO. C00-0301P <br><br> BOEING'S MOTION IN LIMINE TO EXCLUDE LAY WITNESS OPINIONS ON (A) LEGAL ISSUES, (B) TESTIMONY BY OTHER WITNESSES, AND (C) EXPERT REPORTS <br><br> NOTE ON MOTION CALENDAR: <br> April 30, 2004 |

BOEING'S MOTION IN LIMINE (NO. 36)
(NO. C00-0301P)
[/BA041000044.DOC]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

# CONTENTS

I.     INTRODUCTION AND SUMMARY ..........................................................................1

II.    LAY WITNESS TESTIMONY ...............................................................................1

     A.    Opinions on Legal Conclusions....................................................................1

     B.    Questions on the Accuracy or Veracity of Other Testimony ...........................2

     C.    Commentary on Expert Reports .......................................................................2

III.   ARGUMENT ..........................................................................................................3

     A.    Opinions on Discrimination Are Inadmissible Under Fed. R. Evid. 701 .......................................................................................................................3

     B.    Witnesses Are Not Permitted to Comment on the Accuracy or Veracity of Another Witness' Testimony ........................................................5

     C.    Lay Witness Commentary on Expert Reports Should Be Excluded ................6

IV.   CONCLUSION.......................................................................................................7

## I.      INTRODUCTION AND SUMMARY

Boeing requests that the Court exclude lay witness testimony in three areas. First, the Court should bar lay witness opinions on "discrimination" and other legal issues. Witnesses are not permitted to express an opinion that is a legal conclusion or, as often described, an opinion that merely tells the jury what conclusion to reach from the facts. Second, the Court should exclude opinion testimony on the accuracy or veracity of testimony by other witnesses. It is improper to ask a witness to comment on the testimony of another witness, including on the accuracy or veracity thereof. Finally, the Court should exclude lay witness commentary on the reports prepared by experts in this case. Individual class members lack personal knowledge and the necessary qualifications to testify on the contents of expert reports.

## II.      LAY WITNESS TESTIMONY

### A.      Opinions on Legal Conclusions

During the depositions in this case, plaintiffs' counsel elicited lay witness opinions on "discrimination" and other legally defined terms. E.g., Deposition of Erika Lochow at 111  (Declaration of Donald W. Heyrich in Support of Boeing's Motion No. 36 ("Heyrich Decl."), p. 12) (eliciting opinion on "gender discrimination at Boeing"); Deposition of Jackie Roberts 82 (Heyrich Decl., p. 16) (eliciting opinion on "institutional or systemic discrimination"); Deposition of Rhonda Beaubien at 40 (Heyrich Decl., p. 19) (eliciting opinion on "gender discrimination at Boeing"); Deposition of Carol A. Jensen at 13 (Heyrich Decl., p. 25) (testifying as to opinion on "discrimination" and "harassment"); Deposition of Carol Cottor at 94 (Heyrich Decl., p. 30) (testifying on opinion that a

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

coworker "was discriminated against as far as pay"); see also Heyrich Decl., pp. 4, 6-7 (Plaintiffs' Pretrial Statement listing the foregoing individuals as trial witnesses).

**B.      Questions on the Accuracy or Veracity of Other Testimony**

During depositions, plaintiffs' counsel also repeatedly asked witnesses to opine on the accuracy or veracity of statements and testimony by other witnesses.  E.g., Deposition of Laura Yamashita at 132-33 (Heyrich Decl., pp. 49-50) (making representations on how Marcella Fleming "has testified" and asking, "Was she mistaken?"); Lochow Dep. at 39-40 (Heyrich Decl., pp. 10-11) (eliciting opinion on Marcella Fleming's testimony, and asking whether Fleming is "the kind of person who would tell me under oath that there was gender discrimination at Boeing even if she believed it"); Deposition of Michael Valliere at 132 (Heyrich Decl., p. 36) (asking whether another witness "was testifying correctly"); Deposition of Chuck Hagberg at 41 (Heyrich Decl., p. 40) (asking witness about testimony by Marcella Fleming); Deposition of Marcella Fleming Reed at 26, 87, 148 (Heyrich Decl., pp. 44-46) (asking witness to comment on testimony by Jackie Roberts and others); Beaubien Dep. at 141-42 (Heyrich Decl., pp. 20-21) (eliciting opinion and commentary on the testimony of Erika Lochow).

**C.      Commentary on Expert Reports**

Finally, class members testified that they had reviewed the reports written by experts in this case and that those reports support their own views about discrimination.  E.g., Deposition of Sharon E. Hoffbuhr at 159-60 (Heyrich Decl., p. 54-55) (referencing a report by plaintiffs' expert, Bernard Siskin, as evidence "that there are other women at Boeing that are discriminated . . . against"); Deposition of Sheilah Sage at 426 (Heyrich Decl., p. 60) (testifying on discrimination against other employees based on what witness "read [in] statistics"); Deposition of Terri Phillips at 7-8, 104 (Heyrich Decl., p. 62-63, 66) (plaintiffs'

counsel arguing that witness should be permitted to "refer to" expert reports that are "consistent with her experience"); see also Heyrich Decl., p. 4-5 (Plaintiffs' Pretrial Statement listing Hoffbuhr and Phillips as trial witnesses).

### III.   ARGUMENT

**A.   Opinions on Discrimination Are Inadmissible Under Fed. R. Evid. 701**

Opinions offered by lay witnesses on discrimination or other legally defined terms are inadmissible under Fed. R. Evid. 701, which provides as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue . . . .

Even assuming that any lay witness opinion on "discrimination," "harassment," "retaliation," and other legally defined terms would be rationally based on the perception of the witness, such opinions are *not* helpful to the jury.

Opinions on "discrimination" or other legally defined terms are not helpful and therefore are inadmissible under Rule 701, because such opinions merely tell the jury what result to reach from facts presented.

> Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion.  The requirement of "helpfulness" assures against admitting opinions which would in essence tell the factfinder which result to reach.  Because the judge and not a witness is to instruct the factfinder on the applicable principles of law, exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning.  This is true of the term "discriminate."

Hogan v. Am. Tel. & Tel. Co., 812 F.2d 409, 411-12 (8th Cir. 1987) (rejecting opinion evidence on whether witnesses "had observed discrimination") (citations omitted).

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

> The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury.  This invades the province of the court to determine the applicable law and to instruct the jury as to that law.

Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); accord Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988) (by stating opinions that amount to legal conclusions, the witness supplants the jury's ability to apply the law to the evidence); Karns v. Emerson Elec. Co., 817 F.2d 1452, 1459 (10th Cir. 1987) (opinions embracing legal standards do not assist the factfinder and invade the judge's province to instruct the jury on the law).

Thus, courts routinely exclude opinion evidence on "discrimination" and other legally defined terms.  E.g., Torres, 758 F.2d at 150 (holding that the question of "whether [plaintiff] had been discriminated against" called for an improper legal conclusion because the question tracks the language in Title VII and the term "discriminate" has a specialized meaning in the law); Mitroff v. Xomox Corp., 797 F.2d 271, 276 (6th Cir. 1986) (rejecting admission of opinion by an assistant personnel manager that "a pattern of age discrimination" existed within the company: "[S]eldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'"); Flis v. Voinovich, 1996 WL 640391 (S.D. Ohio Oct. 31, 1996) (because the term "discrimination" has "such a specialized meaning, exclusion from evidence is appropriate since the witness is essentially testifying as to a legal conclusion, rather than a particular set of facts."); McCarrick v. New York City Off-Track Betting Corp., 1995 WL 26156, at *12-13 (S.D.N.Y. May 3, 1995) (rejecting admission of opinions by company president and EEO officer on whether discrimination influenced promotion and discipline as "merely legal

conclusions that would not be helpful to the trier of fact's clear understanding of the witness' testimony").

Moreover, such opinion testimony would be inadmissible even if plaintiffs attempted to designate a lay witness as an expert witness.  For example, in <u>Burkhart v. Washington Metropolitan Area Transit Authority</u>, 112 F.3d 1207 (D.C. Cir. 1997), the plaintiff offered the opinion of an expert as to whether plaintiff had been "discriminated against."  In holding the opinion to be an impermissible legal conclusion, the court noted that the testimony "cannot possibly assist the trier of fact" because it simply informs the jury what result to reach.  In addition, the term "discriminate" has specialized legal meaning and the danger in allowing a witness to testify to such an opinion is that the witness' understanding may be erroneous, which would invade the judge's province to instruct on the law.  <u>Id.</u> at 1211-13; <u>accord</u> <u>Woods v. Lecureux</u>, 110 F.3d 1215, 1291-21 (6th Cir. 1997) (expert not permitted to opine that defendant's conduct was "deliberately indifferent" because "testimony offering nothing more than a legal conclusion -- i.e., testimony that does little more than tell the jury what result to reach -- is properly excludable under the Rules").  Opinions on "discrimination" and other legally defined terms should be excluded.

**B.      Witnesses Are Not Permitted to Comment on the Accuracy or Veracity of Another Witness' Testimony**

During discovery, plaintiffs' counsel repeatedly asked deponents to comment on whether another witness' testimony was accurate or truthful.  Such questions should not be permitted at trial.  The jury can make its own determinations on the accuracy or veracity of the testimony of witnesses; "opinions on credibility are for the jurors themselves to form." <u>United States v. Awkard</u>, 597 F.2d 667, 670-72 (9th Cir. 1979).

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

It is flatly improper to ask "one witness to comment on the veracity of the testimony of another witness."  United States v. Sullivan, 85 F.3d 743, 749 (1st Cir. 1996); accord United States v. Malady, 960 F.2d 57, 58 (8th Cir. 1992) (Fed. R. Evid. 608 does not permit a witness to testify as to whether he "believed" the testimony of another witness); Schultz v. Thomas, 832 F.2d 108, 111 (7th Cir. 1987) (improper for witness to opine on credibility of another witness' testimony because jurors could observe witnesses and draw their own conclusions); United States v. Azure, 801 F.2d 336, 341 (8th Cir. 1986) (Fed. R. Evid 608 does not permit a witness to opine on the "believability or truthfulness" of another witness' trial testimony).  Moreover, Fed. R. Evid. 608 does not permit testimony as to a witness' truthfulness on a particular occasion.  See 28 Charles A. Wright & Victor J. Gold, Federal Practice & Procedure § 6113 at 43 (1993).

The jury can make its own determinations as to the credibility of a witness' testimony.  Plaintiffs' counsel thus should be prohibited from asking witnesses to comment on the accuracy or veracity of other witness' testimony.

## C.   Lay Witness Commentary on Expert Reports Should Be Excluded

Finally, for three independent reasons, the Court should exclude lay witness commentary on expert reports.  First, Fed. R. Evid. 602 bars such testimony because individual class members lack personal knowledge of the work performed by experts and the contents of the reports.  Second, Fed. R. Civ. P. 701 prohibits testimony that is not rationally based on the perception of the witness.  Third, Fed. R. Evid. 701 prohibits lay witness testimony on scientific, technical, and other specialized matters that are beyond the witness' knowledge, skill, experience, training, and education.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## IV.    CONCLUSION

For the foregoing reasons, Boeing requests that the Court bar plaintiffs from eliciting at trial the following lay witness testimony:  (A) opinions on legal issues; (B) opinions on the accuracy of veracity of testimony by other witnesses; and (C) references to or commentary on expert reports.

DATED:  April 12, 2004.

s/ Donald W. Heyrich
State Bar Number:  23091
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  425-635-1410
Fax:  425-635-2410
E-mail:  DHeyrich@perkinscoie.com


**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Barbara Berish Brown, DC Bar #355420
1299 Pennsylvania Avenue, NW
Washington, DC  20004

C. Geoffrey Weirich, GA Bar #746455
600 Peachtree St. NE
Atlanta, GA  30308-2222

Attorneys for Defendants

BOEING'S MOTION IN LIMINE (NO. 36)
(NO. C00-0301P) - 7
[/BA041000044.DOC]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## CERTIFICATE OF SERVICE

On April 12, 2004, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:  Boeing's Motion in Limine to Exclude Lay Witness Opinions on (A) Legal Issues, (B) Testimony by Other Witnesses, and (C) Expert Reports; the Declaration of Donald W. Heyrich in Support of Boeing's Motion No. 36; and a [Proposed] Order Granting Boeing's Motion in Limine to Exclude Lay Witness Opinions on (A) Legal Issues, (B) Testimony by Other Witnesses, and (C) Expert Reports.

| | | |
|---|---|---|
| Michael D. Helgren | __X__ | Via hand delivery |
| McNaul Ebel Nawrot Helgren & Vance, P.L.L.C. | ____ | Via U.S. Mail, 1st Class, Postage Prepaid |
| One Union Square, Suite 2700 | ____ | Via Overnight Delivery |
| 600 University Street | ____ | Via Facsimile |
| Seattle, WA  98101-3143 | ____ | Via E-filing |
| | | |
| Ms. Christine E. Webber/Joseph M. Sellers | ____ | Via hand delivery |
| Cohen, Milstein, Hausfeld & Toll, P.L.L.C. | __X__ | Via U.S. Mail, 1st Class, Postage Prepaid |
| West Tower, Suite 500 | | |
| 1100 New York Avenue, N.W. | ____ | Via Overnight Delivery |
| Washington, DC  20005-3934 | ____ | Via Facsimile |
| | ____ | Via E-filing |

I certify under penalty of perjury that the foregoing is true and correct.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

DATED at Bellevue, Washington, April 12, 2004.

s/ Donald W. Heyrich
State Bar Number:  23091
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  425-635-1410
Fax:  425-635-2410
E-mail:  DHeyrich@perkinscoie.com