Hon. Marsha J. Pechman
Plaintiffs' Motion No. 41

CC TO JUDGE ___DJ___

_____ FILED       ENTERED
_____ LODGED      ___

APR 1 2 2004      DJ

CLERK U.S. ____
WESTERN DISTRICT OF WASHINGTON
DEPUTY

00-CV-00301-M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

               Plaintiffs,

    v.

THE BOEING COMPANY,

               Defendant.

No. C00-0301P

PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY AND
ARGUMENT PERTAINING TO
STUDIES AND ANALYSES FOR
EMPLOYEES AS TO WHOM
PLAINTIFFS HAVE BEEN DENIED
DISCOVERY

NOTE ON MOTION CALENDAR:
**April 30, 2004**

    By this motion, plaintiffs seek an order excluding Boeing witnesses from testifying about analyses or studies regarding groups of employees for which plaintiffs were denied discovery. As is explained below, such testimony is properly excluded under Fed. R. Civ. P. 37(c)(1).

    In their depositions, Boeing witnesses have testified that they did not believe there was intentional discrimination at Boeing, or any discrimination at all, because of analyses conducted for Boeing's engineers and for Boeing's Philadelphia site. *See* Exs. A, B.[1] Boeing, however, has refused to produce the work histories or electronic data pertaining to

---

[1] Unless otherwise stated, all cited exhibits are attached to the Declaration of Michael D. Helgren submitted herewith.

PLAINTIFFS MOTION TO EXCLUDE EVIDENCE OF
EMPLOYEES AS TO WHOM PLAINTIFFS WERE
DENIED DISCOVERY (No. C00-0301P) – Page 1

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

ORIGINAL

1   its engineers or for its Philadelphia employees.  As such, plaintiffs have never been able to

2   test Boeing's witnesses' self-serving testimony on these subjects.

3        Plaintiffs did seek this information.  Their initial discovery requests sought the

4   production of company-wide data and work histories that would have included engineers

5   and Philadelphia.  Boeing objected, but did not state that it intended to call witnesses to

6   give "their impression" of the discrimination at the Philadelphia site and for the engineers.

7   Not knowing that Boeing would later make use of such evidence, the Special Master ruled

8   that Boeing did not have to provide electronic data or the work histories for groups not

9   containing named plaintiffs. *See* Ex. C.  According, Boeing did not produce work

10  histories or electronic data regarding engineers or Philadelphia employees and plaintiffs

11  have not received such information for these groups.  As a result, plaintiffs have never

12  been able to test Boeing's self-serving assertions as to its engineers and Philadelphia

13  employees.

14       Where, as here, Boeing has not produced the evidence needed for plaintiffs to test

15  self-interested, self-serving statements, it should be precluded from introducing such

16  statements or arguments at trial.  Under Fed. R. Civ. P. 37(c)(1), a party that fails to

17  disclose information required by Rule 26(a) or 26(e) is generally not "permitted to use as

18  evidence a trial...any witness or information not so disclosed." *See also Zhang v.*

19  *American Gem Seafoods, Inc.*, 339 F.3d 1020, 1027-28 (9th Cir. 2003).  At trial, therefore,

20  Boeing's witnesses should not be permitted to testify about any analyses or studies

21  regarding Boeing's engineers or its Philadelphia employees.

22       DATED this /2.*12*—day of April, 2004.

23            McNAUL EBEL NAWROT HELGREN

24            &amp; VANCE PLLC

25            By:

26                  Michael D. Helgren, WSBA No. 12186

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
&amp; VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C

By _____

Joseph M. Sellers, *Pro Hac Vice*
Christine Webber, *Pro Hac Vice*

Attorneys for Plaintiffs

PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE OF
EMPLOYEES AS TO WHOM PLAINTIFFS WERE
DENIED DISCOVERY (No. C00-0301P) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1285-003 qc312004 4/12/04

# CERTIFICATE OF SERVICE

On April 12, 2004, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document:

| | |
|---|---|
| Ms. Nancy Williams<br>Perkins Coie LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, WA 98101 | √   Via hand delivery<br>___  Via U.S. Mail, 1st Class, Postage Prepaid<br>___  Via Overnight Delivery<br>___  Via Facsimile<br>___  Via E-filing |
| Mr. C. Geoffrey Weirich<br>Paul, Hastings, Janofsky & Walker LLP<br>Suite 2400<br>600 Peachtree Street NE<br>Atlanta, GA 30308 | ___  Via hand delivery<br>√   Via U.S. Mail, 1st Class, Postage Prepaid<br>___  Via Overnight Delivery<br>___  Via Facsimile<br>___  Via E-filing |

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 12th day of April, 2004, at Seattle, Washington.

Melissa L. Peterson, *Legal Assistant*

CERTIFICATE OF SERVICE (No. C00-0301P)

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Hon. Marsha J. Pechman
Plaintiffs' Motion No. 41

**00-CV-00301-DECL**

CC TO JUDGE DJ
FILED _____ ENTERED
_____ LODGED__ _ RECF~ `D

APR 12 2004    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

MARY BECK, et al.,

Plaintiffs,

v.

THE BOEING COMPANY,

Defendant.

No. C00-0301P

DECLARATION OF MICHAEL D.
HELGREN

The undersigned declares under penalty of perjury under the laws of the United States of America and the State of Washington that the following statements are true, correct and based on personal knowledge.

1.    I am one of the attorneys for the plaintiffs and I have personal knowledge of the matters below.

2.    Attached hereto are true and correct copies of the originals thereof:

Exhibit A       Excerpts of the Declaration of Marcella R. Fleming, dated May 31, 2001;

Exhibit B       Excerpts of Defendants' Memorandum In Opposition to Plaintiffs' Motion for Class Certification, dated June 1, 2001; and

DECLARATION OF MICHAEL D. HELGREN (No.
C00-0301P) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

ORIGINAL

1

Exhibit C

Excerpts of the Special Master's Order Re:
Discovery Motions and Recommendations, dated
October 25, 2000.

2

3   DATED this //24 day of April, 2004, at Seattle, Washington.

4

5   Michael D. Helgren, WSBA No. 12186

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF MICHAEL D. HELGREN (No.
C00-0301P) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1285-003 qd103806 4/10/04

**CERTIFICATE OF SERVICE**

On April 12, 2004, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document:

| | | |
|---|---|---|
| Ms. Nancy Williams | √ | Via hand delivery |
| Perkins Coie LLP | ___ | Via U.S. Mail, 1ˢᵗ Class, Postage Prepaid |
| Suite 4800 | | |
| 1201 Third Avenue | ___ | Via Overnight Delivery |
| Seattle, WA 98101 | ___ | Via Facsimile |
| | ___ | Via E-filing |

| | | |
|---|---|---|
| Mr. C. Geoffrey Weirich | ___ | Via hand delivery |
| Paul, Hastings, Janofsky & Walker LLP | √ | Via U.S. Mail, 1ˢᵗ Class, Postage Prepaid |
| Suite 2400 | | |
| 600 Peachtree Street NE | ___ | Via Overnight Delivery |
| Atlanta, GA 30308 | ___ | Via Facsimile |
| | ___ | Via E-filing |

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 12th day of April, 2004, at Seattle, Washington.

Melissa L. Peterson, *Legal Assistant*

CERTIFICATE OF SERVICE (No. C00-0301P)

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816



*Exhibit A*

THE HONORABLE MARSHA J. PECHMAN
Plaintiffs' Motion No. 22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

          Plaintiffs,

    v.

THE BOEING COMPANY, et al.,

          Defendants.

NO. C00-0301P

DECLARATION OF
MARCELLA R. FLEMING

I, Marcella R. Fleming, declare as follows:

**PERSONAL BACKGROUND AND PURPOSES OF DECLARATION**

1.    I am employed by The Boeing Company ("Boeing" or the "Company") as its Director, Employee Relations, Company Offices. I have held this position since June 1997. Prior to taking my current job, I served as Staff Counsel in Boeing's Office of the General Counsel. Before joining Boeing in 1994, I worked as an attorney in private practice for six years. I received my J.D. from the University of Virginia Law School in 1988. I make this declaration based on personal knowledge and on records I have reviewed in the course of my work with Boeing. Reference in some cases to specific portions from my eight days of

DECLARATION OF
MARCELLA R. FLEMING - 1
[03002-0696/SL011510.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

limited number of job titles in some locations; most job titles in most locations showed no statistical significance or could not be analyzed due to insufficient sample size. Baker Dep., 2/15/01 at 113-15. Again, notwithstanding its awareness that the Comp 95 model had serious deficiencies, Boeing decided to provide additional funds during its annual salary reviews for its NSP and management employees to reduce the as-yet unexplained differences in the groups where they were identified. The supplemental funds were again distributed (in October 1995 for NSP and in April 1996 for managers) consistent with employees' performance, and the relationship of their salaries to the market and peers. There was no finding or conclusion that the differences were the result of illegal discrimination. Fleming Dep., 1/5/01 at 805-06.

22.    Boeing shared the facts of its analysis with its employees. The articles comprising Exhibit E-5 are from official Boeing publications discussing the Comp 95 analyses. At the conclusion of the Comp 95 project, Boeing believed that it had identified and eliminated any differences in pay by gender that had been identified, though it understood that the limitations on the information available just to compare its own jobs made it impossible to be certain whether these adjustments overcompensated or undercompensated for any gender differences in pay that might exist. Fleming Dep., 1/5/01 at 895-96; 2/7/01 at 946.

23.    After completing this initial round of self-analysis, Boeing has continued to monitor its compensation using the models developed for the Engineering/Technical, NSP, and management payrolls. The Company also began a comprehensive review of its compensation policies and practices. See generally Fleming Dep., 1/4/01 at 546-50, 554-67.

24.    One important conclusion Boeing reached from this analytical experience is that when the Company is able to account accurately for employees' relevant pre-Boeing work experience, significant pay differences between men and women are not found. Boeing has, for example, reliable and detailed information about the relevant prior work experience of its

DECLARATION OF
MARCELLA R. FLEMING - 11
[03002-0696/SL011510.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

SPEAA-represented engineers. Baker Dep., 2/16/01 at 169. When this information has been utilized in post-1995 regression analyses of engineers' pay, there has been little, if any, significant difference identified between the compensation of men and women. See Marshall Dep., 3/15/01 at 115 (in 1999, using precise prior experience data for the SPEEA engineers "the difference that we had seen went to zero. And so we knew you had to have good data on something like that, and we simply did not have any practical way to get it" outside the engineering population). This finding was further supported during the work in 1998 with respect to the OFCCP's audit at the Ridley Park, PA facility. In that case, after doing a folder-by-folder review to gather information about relevant prior experience, significant differences in the pay of similarly situated men and women that had appeared to exist before analyzing this factor went away. Fleming Dep., 1/5/01 at 734; 4/6/01 at 1188-89, 1215-16.

25.     Reliable electronic data on employee experience is not available outside the engineering payroll. Id. Thus, analyses of most of the Boeing salaried population based on existing electronic data are unable to control accurately for relevant prior experience and are forced instead to use some proxy variable, such as age. Such proxies, however, do not accurately account for any gender differences in prior experience, such as may be caused by differences in the average time spent out of the workforce in the two populations being compared. To the extent that men and women may, for a variety of reasons, spend different amounts of time out of the workforce, on average, this cannot be accounted for entirely in an analysis using age as the proxy variable. Thus, to the extent these average differences exist, an analysis that cannot control for them will tend to overstate female experience which, under the analysis, will make it appear that women should be paid more than they are being, or should be, paid. Baker Dep., 2/16/01 at 200-01.

DECLARATION OF
MARCELLA R. FLEMING - 12
{03002-0696/SL011510.039}

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

as well as pending litigation at the time. taking the unpublicized approach to supplemental funding was believed to lessen litigation risk.  In light of the use made by plaintiffs in this case of Boeing's affirmative action approach to compensation differences, I do not think it can be argued that Boeing was unreasonable in its litigation concerns.

65.    Attached as Exhibit E-6 to this declaration is the discrimination charge from Boeing's files submitted by Verlene Maholmes.  To my knowledge, this charge, dated January 23, 2000, is the earliest charge containing class allegations filed by a plaintiff in this litigation.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

Signed this __3/st__ day of __May__ 2001 at Seattle, Washington.


_Marcella R. Fleming_
MARCELLA R. FLEMING

DECLARATION OF
MARCELLA R. FLEMING - 33
[03002-0696/SL011510.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888



*Exhibit B*

THE HONORABLE MARSHA J. PECHMAN
Plaintiffs' Motion No. 22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

    Plaintiffs,

  v.

THE BOEING COMPANY, et al.,

    Defendants.

C00-0301P

DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION

**FILED UNDER SEAL**

DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

*worked*, not overtime *offered*. Siskin Dep. at 342, 361; Ward Dec. p. 59. His implicit assumption that men and women equally accept voluntary overtime is inconsistent with labor force literature showing that women, on average, work "fewer hours per week." Ward Dec. p. 61 & App. F. Indeed, Dr. Siskin agreed that a preference for less overtime by women could explain the disparities he found in his analysis. Siskin Dep. at 344-45; 355-57. Dr. Ward did not present any responsive statistical analyses of overtime because Dr. Siskin's wholly inapt analyses prove nothing, and because the actual practices used for allocating overtime are not capable of any legitimate analysis using the available computerized data. Ward Dec. pp. 59-61.

**Compensation.** Nor do plaintiffs' flawed salaried compensation analyses support a finding of commonality. Dr. Ward's analyses of annual salary show no patterns consistently adverse to women. Rather, for managers, SPEEA Technical employees, SCPEA employees, and nonrepresented salaried employees in paycodes 2 and 6, he found that in some years, in some locations, women were paid less than similarly situated men, and in other years and locations they were paid more. Id. ¶¶ 40-49. Some of the results (both favorable and unfavorable to women) are statistically significant, but more often they are not. Id. For the nonunion engineers in St. Louis, he observed that women were paid *more* than expected in every single year, and at a statistically significant level in 1998, 1999, and 2000. Id. ¶¶ 49-50.

Plaintiffs cannot dispute that pre-hire experience is a powerful explanatory factor for current salary level. For example, when Boeing studied the pay of the SPEEA-represented salaried engineers, for whom data on when they earned a BS degree is available, the Company found no salary disparities consistently adverse to women. Fleming Dec. ¶ 24; Marshall Dep., 3/15/01, at 115. Because such pre-hire information is not available for most employees, both parties' experts used a proxy for pre-hire experience in their analyses. Siskin Dep. pp. 146-49; Ward Dec. pp. 38-39. Before deciding to use starting salary as his proxy, however, Dr. Ward took

DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION - 24
[03002-0696/SL011510.059]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

notion. Plaintiffs' enormous, diverse, and utterly unmanageable sets of claims and putative class members cannot properly be treated as a class action. Their motion should be denied.

DATED: June 1, 2001.

PERKINS COIE LLP

By _____
Lawrence B. Hannah, WSBA #3761
Jeffrey A. Hollingsworth, WSBA #11853
Nancy Williams, WSBA #11558

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By _Maureen O'Neill for Barbara B. Brown_
Barbara Berish Brown, D.C. Bar #355420
1299 Pennsylvania Ave., NW
Washington, DC 20004

C. Geoffrey Weirich, GA Bar #746455
600 Peachtree St. NE
Atlanta, GA 30308-2222

Attorneys for Defendants

DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION - 35
[03002-0696/SL011510.059]



*Exhibit C*

RECEIVED

MCNAUL EBEL
NAWROT HELGREN & VANCE P.L.L.C.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

BECK, et al.,

      Plaintiff(s),

      v.

THE BOEING COMPANY, et al.,

      Defendant(s).

NO. C00-301P

SPECIAL MASTER'S ORDER RE:
DISCOVERY MOTIONS AND
RECOMMENDATIONS

      By "Order re: Appointment of Special Discovery Master" dated September 8, 2000, the Court designated the undersigned "special discovery master" pursuant to Fed.R.Civ.P. 53 to supervise the remainder of discovery. The Court directed and empowered the special master "to make such findings, conclusions, recommendations and orders in regard to discovery as he deems appropriate in the manner provided for by law, by the Federal Rules of Civil Procedure and by the local rules of this Court."

      The Court's September 8, 2000 Order and its Minute Order dated September 12, 2000 referred all pending discovery motions to the special master. The Court also requested that the special master make recommendations regarding the scheduling of case events, the continuation of the special master for further discovery motions, and the management of the data and other information produced in discovery.

SPEC DISC MASTER'S ORDER - 1

**COPY**

government agency investigations) and that confidentiality is crucial to the effective resolution of complaints.

The great burden and expense of providing the exhaustive complaint documents requested by plaintiffs, as well as the probability of substantial delay in class certification consideration that would be caused by records gathering, privilege review, and privilege rulings, outweigh the potential probative value of the discovery plaintiffs request. Plaintiffs' motion to produce additional EEO files is denied.

*Plaintiffs' Motion No. 10: "Plaintiffs' Motion to Compel Production for a Company-Wide Class"*

Plaintiffs' Motion No. 10 requests an order compelling "the production of certain documents and data relating to a company-wide class of women employees."

Plaintiffs assert that defendants have refused to permit discovery relating to the potential company-wide class and have instead provided discovery only as to certain categories of employees at a limited number of facilities. Plaintiffs complain that defendants' production has resulted in plaintiffs receiving only a patchwork of data on different types of workers at different facilities.

In plaintiffs' view, defendants' production has excluded potential evidence of company-wide discriminatory actions outside the particular groups in which the 38 named plaintiffs work, and such exclusion may frustrate the Court's efforts to fairly consider class certification. Plaintiffs express concern that defendants already have urged the court to deny class certification based on multiplicity of collective bargaining agreements and conflicting policies at different locations around the country. Without full discovery, plaintiffs complain, defendants' argument cannot be tested.

Defendants respond that they have already provided electronic data covering approximately 140,000 of 172,000 employees, as well as more than 24,000 pages of employment policies and

SPEC DISC MASTER'S ORDER - 18

manuals, and that, especially at this pre-certification stage, there is no justification for the expanded discovery requested by plaintiffs.

In their September 7, 2000 Memorandum on pending discovery motions, at 20, defendants stated that, assuming *arguendo* that plaintiffs could identify a company-wide policy or practice resulting in widespread discrimination against women employees within what defendants label Groups Containing Named Plaintiffs ("GCNPs"), defendants would not argue to exclude women outside the GCNPs, who are subject to the same policy or practice, on the grounds that plaintiffs lack detailed evidence relating to the geographic locations and collective bargaining units lacking any discernible nexus to any of the 38 named plaintiffs. During oral argument defendants declined to agree to forego future arguments against class certification based on the multiplicity of CBAs and conflicting policies as to groups *not* containing named plaintiffs.

Limited production of documents and data on a company-wide basis is appropriate and necessary to permit plaintiffs to respond to Defendants' plausible argument that the multiplicity of jobsites, CBAs, policies, etc. should defeat class certification. Defendants are directed to produce on a company-wide basis, within 30 days of the date of this Order, the documents ordered to be produced in the discussion of Plaintiffs' Motion No. 8, Para. 2, above., *Affirmative Action Plans/Employee-Related Policies/Gender Discrimination Studies*. (That is, defendants are directed to produce all gender-related:  AAPs, employment policies; reports, studies, or employee surveys; as well as any analyses comparing the economic benefits and opportunities provided by defendants to male employees with those provided to female employees.) In other respects plaintiffs' Motion No. 10 is denied as unduly burdensome. (See discussion of Motion No. 8, above.)

SPEC DISC MASTER'S ORDER - 19

Dated this 25th day of October, 2000

George A. Finkle (Judge, retired)
Special Discovery Master

SPEC DISC MASTER'S ORDER - 46

1

2

3

4

5

6

00-CV-00301-PRO

7

Hon. Marsha J. Pechman
Plaintiffs' Motion No. 41

CC TO JUDGE DC

_____ FILED _____ ENTERED
_____ LODGED_____ REC' '

APR 12 2004   DJ

AL SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MARY BECK, et al.,

11

Plaintiffs,

12

v.

13

THE BOEING COMPANY,

14

Defendant.

15

No. C00-0301P

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY AND
ARGUMENT PERTAINING TO
STUDIES AND ANALYSES FOR
EMPLOYEES AS TO WHOM
PLAINTIFFS HAVE BEEN DENIED
DISCOVERY

16

17

18

19

20

21

22

23

24

25

        THIS MATTER came before the Court on Plaintiffs' Motion to Exclude

Testimony and Argument Pertaining to Studies and Analyses for Employees as to Whom

Plaintiffs Have Been Denied Discovery.  The Court has reviewed the records and files

herein, including plaintiffs' motion and defendant's response, and plaintiffs' reply, if any.

Now being fully advised,

        IT IS HEREBY ORDERED that Plaintiffs' Motion to Exclude Testimony and

Argument Pertaining to Studies and Analyses for Employees as to Whom Plaintiffs Have

Been Denied Discovery is GRANTED.

        DATED this _____ day of _____, 2004.

26

                THE HONORABLE MARSHA J. PECHMAN

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION No. 41 (No. C00-0301P) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

ORIGINAL

1

2  Presented By:

3  McNAUL EBEL NAWROT HELGREN
   & VANCE, P.L.L.C.

4

5  By: _____
       Michael D. Helgren, WSBA No. 12186

6  Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION No. 41 (No. C00-0301P) – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1285-003 qd120704 4/12/04