Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

                            Plaintiffs,

            v.

THE BOEING COMPANY,

                            Defendant.

No. C00-0301P

JOINT MOTION REQUESTING
PRELIMINARY APPROVAL OF
PROPOSED CONSENT DECREE

COME NOW Plaintiffs and Defendants, through their undersigned counsel, and respectfully request that this Court grant preliminary approval to the proposed Consent Decree attached hereto as Exhibit "A." As set forth more completely in Section II of Exhibit "A," and in the stipulated proposed "Order Preliminarily Approving Proposed Consent Decree," attached hereto as Exhibit "B," the parties have negotiated the proposed Consent Decree at arms length, and believe that it is reasonable, fair and adequate, and therefore merits approval by this Court.

This lawsuit is brought by twelve female current or former employees of Boeing ("the Plaintiffs") on behalf of a class of female Boeing employees consisting of two sub-classes certified by the Court: a Salaried Sub-class and an Hourly Sub-class. The lawsuit alleges that Boeing unlawfully discriminated against the Salaried Sub-class with respect to

JOINT MOTION REQUESTING PRELIMINARY
APPROVAL OF PROPOSED CONSENT DECREE
(No. C00-0301P) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

compensation and promotion, and against the Hourly Sub-class with respect to overtime and promotion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.,* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"), the federal Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), the Washington Equal Pay Act, RCW 49.12.175 ("WEPA"), and the Washington Law Against Discrimination, RCW 49.60.180 ("WLAD"). Boeing has denied all of Plaintiffs' allegations.

Prior to the scheduled trial on the merits of this case, the parties entered into mediation seeking to settle their disputes underlying the action. Those negotiations have been successful. Plaintiffs and Boeing have agreed to the entry of the proposed Consent Decree as a full settlement of those disputes and this legal action, subject to this Court's final approval thereof. By entering into the proposed Consent Decree, Boeing continues to deny all allegations of unlawful gender discrimination, and Boeing does not admit or concede that it has, in any manner, violated Title VII, the EPA, the WEPA, the WLAD, or any other law prohibiting gender discrimination in employment.

Consistent with this Court's Order dated October 18, 2001, and as set forth more fully in the proposed Consent Decree, Plaintiffs and Boeing stipulate that the settlement of this case should proceed as a class action with respect to alleged back pay, injunctive relief, and punitive damages, in order that the settlement will constitute a final and complete adjudication of the parties' and class members' rights, liabilities and obligations. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Plaintiffs and Boeing, through their respective counsel, jointly move that the Court provisionally approve the proposed Consent Decree and enter the proposed stipulated Order. The parties' joint motion is subject to all the terms and conditions expressly set forth in those documents.

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Plaintiffs and Boeing, through their respective counsel, jointly move the Court to enter a stipulated Order as follows:

JOINT MOTION REQUESTING PRELIMINARY
APPROVAL OF PROPOSED CONSENT DECREE
(No. C00-0301P) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    1.    For purposes of settlement, this case shall continue to proceed as a class

2  action, certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for

3  equitable relief and pursuant to Rule 23(b)(3) for purposes of monetary relief.  The class

4  represented by Plaintiffs (the "Settlement Class") shall consist of two sub-classes as

5  follows:

6

7    (a)    The Salaried Sub-Class consists of all non-executive, salaried female

8  current or former Boeing employees (excluding engineers represented by the Society of

9  Professional Engineering Employees in Aerospace ("SPEEA")) who worked at any of

10  Boeing's facilities in the Puget Sound area of the State of Washington at any time between

11  February 25, 1997 and July 16, 2004, *except* those persons who file a timely request to opt

12  out of the provisions of the proposed Consent Decree pursuant to this Order, with respect

13  to their claims for injunctive relief for promotion and compensation claims and monetary

14

15  relief (including back pay) for compensation claims.

16    (b)    The Hourly Sub-Class consists of all female current or former hourly

17  employees covered by a collective bargaining agreement between Boeing and the

18  International Association of Machinists ("IAM") Local 751, who worked at any of

19  Boeing's facilities in the Puget Sound area of the State of Washington at any time between

20  February 25, 1997 and July 16, 2004, *except* those persons who file a timely request to opt

21  out of the provisions of the proposed Consent Decree pursuant to this Order, with respect

22  to their claims for injunctive relief for promotion and overtime claims and monetary relief

23

24  (including back pay) for overtime claims.

25    2.    Should this Court or any reviewing court on direct appeal and/or on writ of

26  certiorari to the Supreme Court of the United States from a direct appeal to the U.S. Court

JOINT MOTION REQUESTING PRELIMINARY
APPROVAL OF PROPOSED CONSENT DECREE
(No. C00-0301P) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3

1  of Appeals for the Ninth Circuit refuse to approve this Consent Decree or require

2  modifications to this Consent Decree other than those expressly permitted pursuant to the

3  language of the Decree, the Consent Decree shall be null and void, inadmissible and

4  unusable in any future proceeding, and shall not be considered a binding settlement

5  agreement, unless Plaintiffs and Boeing each expressly and voluntarily approve in writing

6  any such modification by this Court or the reviewing court.

7

8          Respectfully submitted,

9

10

11  By: ___/s/ Michael D. Helgren_____          By: ___/s/ Joseph M. Sellers_____
       Michael D. Helgren, WSBA No. 12186              Joseph M. Sellers
12     MCNAUL EBEL NAWROT HELGREN &
       VANCE,
13     PLLC
       600 University Street                      By: ___/s/ Christine E. Webber_____
14     Suite 2700                                      Christine E. Webber
       Seattle, WA 98101-3143                          Julie Goldsmith Reiser, WSBA 27485
15                                                      COHEN, MILSTEIN, HAUSFELD
                                                        & TOLL, P.L.L.C.
16                                                      1100 New York Avenue, N.W.
                                                        West Tower, Suite 500
17                                                      Washington, DC 20005
                                                        (202) 408-4600
18

19  Counsel for Plaintiffs

20
    By: ___/s/ C. Geoffrey Weirich_____          By: ___/s/ Lawrence B. Hannah_____
21     C. Geoffrey Weirich                              Lawrence B. Hannah
       Barbara B. Brown                                 Nancy Williams
22     Maureen E. O'Neill                               James Sanders
       Paul Hastings Janofsky & Walker, LLP             PERKINS COIE, LLP
23     600 Peachtree Street., N.E.                      1201 Third Avenue
       Suite 2400                                       Suite 4800
24     Atlanta, GA 30308                                Seattle, WA 98101

25
    Counsel for Defendants
26

JOINT MOTION REQUESTING PRELIMINARY
APPROVAL OF PROPOSED CONSENT DECREE
(No. C00-0301P) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1285-003 qg152102 7/15/04



*Exhibit A*

Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

               Plaintiffs,

   v.

THE BOEING COMPANY, et al.,

               Defendants.

No. C00-0301P

[PROPOSED] COURT-APPROVED
CONSENT DECREE

**Noted On Motion Calendar**

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P)

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# I. INTRODUCTION

This is a class action brought by Plaintiffs Betsy Anderson, Patti Anderson, Mary Beck, Karla Coleman, Esther Estevez, Wendy Kelley, Aprill Linear, Fern Neatherlin, Terri Neuharth, Sheilah Sage, Ellie Schaff, and Shelley Sinclair (hereinafter collectively referred to as the "Named Plaintiffs") against The Boeing Company and two of its current and former subsidiaries, McDonnell Douglas Corporation and Boeing North American, Inc. The plaintiffs allege that Defendants engaged in a pattern or practice of discrimination on the basis of gender with respect to salaried compensation, hourly overtime and promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.,* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"), the federal Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), the Washington Equal Pay Act, RCW 49.12.175 ("WEPA"), and the Washington Law Against Discrimination, RCW 49.60.180 ("WLAD").

Defendants expressly deny any wrongdoing or liability. This Consent Decree represents the compromise of disputed claims. It reflects the parties' recognition that litigation of these claims and defenses would severely burden all concerned and would require a further commitment of time, resources and money. As such, it represents neither an admission of liability by Defendants, nor an admission by Plaintiffs that Defendants are not liable.

In the interest of ensuring equality of employment opportunity and respect for civil rights, and avoiding the expense, delay, and inconvenience of further litigation of the issues raised in this action, and in reliance upon the representations, mutual promises,

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 1

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

covenants, and obligations set out in this Consent Decree, and for good and valuable consideration also set out in this Decree, the parties, through their undersigned counsel of record, hereby stipulate and agree as follows:

## II. LITIGATION BACKGROUND

On February 25, 2000, twenty-eight current or former female employees of Defendants filed suit against Boeing, alleging systemic gender discrimination. The action was brought under Title VII, the EPA, the WEPA and the WLAD. The complaint also stated various state law claims including negligent misrepresentation, fraud, detrimental reliance, promissory estoppel, breach of contract, negligent supervision, and violations of the Washington State Wage Law, RCW 49.52.

Plaintiffs sought injunctive and equitable relief, including back pay, as well as compensatory and punitive damages for themselves and the class, and a jury trial. Plaintiffs originally sought to represent a class of all current and former female employees of the Defendants, covering all their respective locations, organizations, and job classifications nationwide. The proposed class would have included over 55,000 salaried and hourly employees at over 80 facilities.

On March 13, 2000, the Complaint was amended to add ten additional named plaintiffs. Subsequently, on May 26, 2001, Plaintiffs filed a Second Amended Complaint, dropping their class claims for compensatory damages and eliminating their state law claims for negligent misrepresentation, fraud, detrimental reliance, and promissory estoppel. Plaintiffs alleged in the amended complaint that the Defendants denied their

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

female employees "job assignments, promotional opportunities, management positions, training, equal pay, overtime, tenure, comparable retention ratings, bonuses, and other benefits and conditions of employment" because of their gender.

The parties conducted extensive pre-certification discovery.  Plaintiffs' Motion for Class Certification, filed on May 2, 2001 (and later corrected on May 18, 2001), sought certification of two multi-facility, multi-state classes.  The first was to be comprised of all non-executive, non-SPEEA-engineer salaried female employees at Boeing's facilities in Puget Sound, Washington; Wichita, Kansas; St. Louis, Missouri; and Long Beach, California.  The second would have included all female hourly employees covered by collective bargaining agreements with the International Association of Machinists and Aerospace Workers ("IAM") in Puget Sound, St. Louis, and Wichita.  Plaintiffs sought (a) classwide injunctive relief for the compensation, promotion and overtime claims, and (b) back pay and punitive damages, but for the compensation and overtime claims only.

Plaintiffs argued that Defendants' various compensation, promotion, and overtime decision-making practices were tainted with "excessive" subjectivity and managerial discretion and that the absence of objective, empirically measurable standards worked systemically to the disadvantage of female employees.  Further, Plaintiffs alleged that high-level Boeing executives had been made aware of statistical disparities in salaried compensation between men and women, but failed to take immediate action sufficient to eliminate entirely those statistical disparities.

In response, Defendants explained that common and typical issues did not exist across or within Plaintiffs' proposed classes because the compensation, promotion and overtime decisions being attacked were made at the local level by thousands of different

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 3

LAW OFFICES OF
McNaul Ebel Nawrot Helgren
& Vance, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

decisionmakers, using practices that varied significantly among locations, organizational units, plants, and work groups.  Boeing categorically denied that it, or any of its operating divisions or subsidiaries, had engaged in any policy or pattern or practice of unlawful employment discrimination against any female employees as a group.  Further, Boeing denied that its managers used "excessive" subjectivity or discretion and denied that empirically measurable standards were lacking.  Boeing also denied that it failed to take steps to address any alleged differences in compensation between men and women.  To the contrary, Boeing explained that it had undertaken extensive proactive self-critical measures in an attempt to understand the very complicated set of factors that influence salaried compensation.

After requesting supplemental briefing on specific issues, the district court on October 19, 2001 declined to certify Plaintiffs' proposed classes.  Instead, the Court certified a more limited class comprised of two subclasses as follows:

> A class of women employed at defendants' facilities in the Puget Sound area of the State of Washington at any time since February 25, 1997 seeking punitive damages for gender discrimination in compensation and overtime and injunctive relief for gender discrimination in compensation and promotion.  The class will be broken into subclasses as follows:
>
> a.  All non-executive salaried women employees (excluding SPEEA engineers) in defendants' facilities in the Puget Sound area of the State of Washington.
>
> b.  All hourly women employees covered by collective bargaining agreements with the IAM union in defendants' facilities in the Puget Sound areas of the State of Washington.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 4

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

10

1   Subsequently, the claims of the putative class representatives from outside the Puget

2   Sound area of the State of Washington were severed by the Court and transferred

3   elsewhere.

4   After the Court issued its class certification decision and after the Ninth Circuit

5   completed its appellate review of that decision, the parties proceeded to conduct

6   exhaustive discovery on the merits of Plaintiffs' claims.  At the close of discovery each

7   party filed motions for partial summary judgment.  On April 9, 2004, the Court denied

8   both Plaintiffs' and Defendants' motions for partial summary judgment regarding the

9   disparate impact claims and partially granted Defendants' motion for partial summary

10  judgment regarding any claims falling outside the limitations periods established for the

11  Title VII and state law claims.  Defendants' motion for partial summary judgment

12  regarding Plaintiffs' post-March 1, 2001 salaried compensation claims and post-June 30,

13  2000 hourly and salaried promotion claims was denied.

14  As noted, the parties engaged in extensive discovery.  The parties have taken more

15  than sufficient discovery to assess the relative merits of the systemic claims of the

16  Plaintiffs and the putative class, and Boeing's defenses.  This has been a lengthy and often

17  contentious discovery process, through which a multitude of Gigabytes of electronic

18  information, as well as close to a million pages of paper documents, were exchanged.

19  This discovery process spanned many years, through thousands of hours of depositions,

20  hundreds of declarations, dozens of sets of discovery requests, motions to compel and

21  Special Master orders, a multitude of expert reports and testimony, and tens of thousands

22  of pages of statistical analyses.  Through this exhaustive process, the parties developed an

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 5

LAW OFFICES OF
McNaul Ebel Nawrot Helgren
& Vance, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

acute understanding of the facts and a thorough understanding of the merits of each other's case.

The Plaintiffs and Boeing have participated in mediated settlement negotiations sporadically over several years, resuming with greater urgency during the weeks before the trial was scheduled to begin. These negotiations have been conducted at arms-length, with the assistance of two experienced mediators. These efforts resulted in an agreement to settle this action prior to a lengthy and expensive trial, subject to this Court's review and approval after notice, an opportunity for members of the Settlement Class to object to or opt out of the settlement, and an evidentiary fairness hearing. The terms of the parties' agreement are contained in this Consent Decree.

The parties believe that this extensive discovery process was sufficient to assess adequately the relative strengths and weaknesses of the respective parties' merits positions, as well as the possibility that the class certification decision could be modified after trial or on appeal, and to compromise the fundamental issues on a fair and equitable basis. Especially given that a settlement was reached at the eve of the commencement of trial, the parties were fully versed prior to settlement in every element of the case, including both the weaknesses and strengths of their respective positions. As indicated by the signature of Class Counsel and counsel for Boeing at the end of this document, Plaintiffs and Boeing have consented to the entry of this Decree.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## III.   GENERAL PROVISIONS

**A.   DEFINITIONS**

**1.   "Adverse Impact"**

Adverse Impact means a substantially different rate of selection, as determined by prevailing federal fair employment law, which works to the disadvantage of female employees.  Adverse Impact shall be defined under this Decree as statistically significant at 1.96 or more standard deviations.  For purposes of analyzing compensation, adverse impact shall be measured annually, following the salary review period.  For purposes of analyzing overtime, adverse impact shall be measured quarterly.  For purposes of analyzing promotions, adverse impact shall be measured on an annual basis.

**2.   "Best Efforts"**

Taking steps reasonably designed to achieve compliance with specified objectives to which the best efforts are directed.

**3.   "Boeing" and "Company"**

For all purposes and terms of this Consent Decree other than Section V hereof, "Boeing" and "Company" shall mean The Boeing Company and all its subsidiaries, including but not limited to the McDonnell Douglas Corporation.  However, Section V hereof, involving Equitable Relief, shall apply only to The Boeing Company and the McDonnell Douglas Corporation, and more specifically shall apply only to the operations of those two corporations in the Puget Sound area of the State of Washington, with respect to employees who are neither (a) executives nor (b) engineers represented by the Society of Professional Engineering Employees in Aerospace ("SPEEA").

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

4.    **"Claims Administrator"**

The firm named Settlement Services, Inc. which Class Counsel has retained, as provided in Section IV of this Consent Decree, to assist in the administration of monetary awards to be made pursuant to this Consent Decree.

5.    **"Claims Process"**

The Claims Process, as set forth in Section IV.B.

6.    **"Class Claims"**

The claims certified by this Court for class treatment on October 19, 2001, and subsequently modified on December 27, 2001, including claims for punitive damages for alleged gender discrimination in compensation and overtime and for injunctive relief for alleged gender discrimination in compensation, promotion, and overtime.

7.    **"Preserved Claims"**

The claims for back pay damages for alleged discrimination in compensation and overtime on behalf of putative and actual class members, which were preserved by the Court's December 27, 2001 Order.

8.    **"Class Complaint"**

The class complaint of discrimination that plaintiffs filed in this action on February 25, 2000 in the United States District Court for the Western District of Washington on behalf of the Plaintiff Class, as amended by the Second Amended Complaint filed on May 26, 2001.

9.    **"Class Counsel"**

All counsel of record who are signatories to this Consent Decree on behalf of the Class. They are as follows:  McNaul Ebel Nawrot Helgren & Vance, P.L.L.C., 600

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 8

LAW OFFICES OF
McNaul Ebel Nawrot Helgren
& Vance, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

University Street, Suite 2200, Seattle, Washington, 98101, and Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005.

10.    **"Class Member(s)," "Class," and/or "Plaintiff Class"**

The Class certified by this Court on October 19, 2001, which is defined as women employed at Boeing's facilities in the Puget Sound area of the State of Washington at any time since February 25, 1997, seeking punitive damages for gender discrimination in compensation and overtime and injunctive relief for gender discrimination in compensation, promotion, and overtime." The Court divided the class into two subclasses as follows:

> **a.** The Salaried Sub-Class: "all non-executive, salaried women employees (excluding SPEEA engineers) in defendants' facilities in the Puget Sound area of the State of Washington."

> **b.** The Hourly Sub-Class: "all hourly women employees covered by the collective bargaining agreements with the IAM union in defendants' facilities in the Puget Sound area of the State of Washington."

11.    **"Class Representatives"**

Betsy Anderson, Patti Anderson, Mary Beck, Karla Coleman, Esther Estevez, Wendy Kelley, Aprill Linear, Fern Neatherlin, Terri Neuharth, Sheilah Sage, Ellie Schaff, and Shelley Sinclair.

12.    **"Consent Decree" or "Decree"**

This document, which as proposed to the Court is entitled "Court-Approved Consent Decree," and which has been signed by counsel of record for the parties, subject

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

to approval and adoption by the Court, and which contains the following attached

exhibits:

    **a.**    Notice of Proposed Class Action Settlement and Fairness Hearing

    **b.**    Proposed Claim Form

    **c.**    Proposed Release to be Executed by Named Plaintiffs

    **13.**    **"Court" or "District Court"**

The United States District Court for the Western District of Washington (Seattle

Division).

    **14.**    **"Decree Year"**

Decree Year means the one-year period from the Effective Date or the anniversary

of the Effective Date until the next anniversary of the Effective Date.  For example,

"Decree Year One" would be the one-year period from the Effective Date until the first

anniversary of the Effective Date.

    **15.**    **"Effective Date"**

The date on which the time for filing an appeal from the Court's grant of Final

Approval has expired, or, if later, after any appeal has been finally resolved (including full

resolution of any appellate review, requests for rehearing, rehearing *en banc*, and petitions

for writs of *certiorari*), at which time the parties become bound to perform the obligations

set out in this Consent Decree, and the Consent Decree's terms become binding on

Boeing, the Class, and each of the Class Members who has not opted out of the Class.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 10

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**16.** **"Final Approval"**

The entry of the Court's Order granting approval of this Consent Decree as fair, reasonable and adequate to the class as a whole.

**17.** **"Gender Discrimination" or "Discriminating on the Basis of Gender"**

Discrimination on the basis of gender means unlawful discrimination against employees on the basis of their sex or gender.

**18.** **"Liability Period"**

The Liability Period is the period between February 25, 1997 and the date of Preliminary Approval.

**19.** **"Preliminary Approval"**

The entry of the Court's Order granting preliminary approval of this Consent Decree, which reflects that the Court concludes that the terms of this Decree appear sufficiently fair, reasonable and adequate to the Class as a whole to warrant notice to the Class, an opportunity for Class Members to object or opt out, and a fairness hearing to consider final approval of the Decree.

**20.** **"This Case"**

Refers to all proceedings relating to or arising from the Class Complaint.

**21.** **"Term of the Consent Decree"**

The period from the Effective Date until the expiration of the Decree pursuant to Section III.C.2 of the Decree.

**B.** **JURISDICTION OF THE COURT**

The Court has jurisdiction over the parties and the subject matter of this action. The Class Complaint asserts claims that, if proven, would authorize the Court to grant the

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

monetary and equitable relief set forth in this Decree, if the Court's class certification Order was modified to include Plaintiffs' request for back pay.  Venue is proper in the Western District of Washington.  This Court shall retain jurisdiction of this action during the Term of the Consent Decree for the purpose of entering any orders, judgments or decrees which may be necessary to implement the relief provided herein.  This Decree is not intended to confer jurisdiction in any court or administrative forum other than the District Court where the Complaint was filed.

## C.   EFFECTIVE DATE AND DURATION OF THE DECREE

### 1.   Effective Upon Final Approval and Exhaustion of Appellate Rights

Unless provided otherwise, the equitable provisions in this Decree are effective immediately upon the Effective Date.

### 2.   Expiration of the Decree

Unless extended pursuant to Section III.C.3 hereof, the provisions of this Decree shall remain in effect for sixty (60) days after three (3) salary review periods have been completed during which the Equitable Relief provisions described in Section V.C of the Decree have been implemented, or until May 31, 2007, whichever is later.  In the event that the Effective Date occurs later than January 1, 2005, one or more of the aforementioned salary review periods during which the Equitable Relief provisions described in Section V.C have been implemented may precede the Effective Date.

### 3.   Extension to the Decree

No extension of this Consent Decree shall be granted unless Class Counsel demonstrate that, during the final year of the Consent Decree, Boeing has materially violated the Decree and such violations are unremedied.  In such event, only those terms

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 12

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

of the Consent Decree as to which there has been an unremedied material violation during the final Decree Year shall be subject to extension by the Court, for such appropriate additional period as may be necessary to secure compliance.

**D.   SCOPE OF THE CONSENT DECREE**

    **1.      Persons Covered**

        **a.      Certified Class**

Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), this Court certified the following Class:

Women employed at defendants' facilities in the Puget Sound area of the State of Washington at any time since February 25, 1997, seeking punitive damages for gender discrimination in compensation and overtime and injunctive relief for gender discrimination in compensation, promotion, and overtime.  The Court certified two sub-classes as follows:

    a.      All non-executive, salaried women employees (excluding SPEEA engineers) in defendants' facilities in the Puget Sound area of the State of Washington.

    b.      All hourly women employees covered by the collective bargaining agreements with the IAM union in Defendants' facilities in the Puget Sound area of the State of Washington.

For settlement purposes only, the parties jointly stipulate that this certification may be amended to include Plaintiffs' request for back pay.

        **b.      Opt-Out Rights**

If this Consent Decree is approved by the Court, all persons within the Class are bound by its terms, except those Class Members who effectively exercise a right to opt out

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

of the Class and the settlement.  Class Members who elect to opt out must do so in writing, in the manner and by the date specified in the Notice of Proposed Class Action Settlement and Fairness Hearing, attached as Exhibit A.

If the number of Class Members who opt out of the Class in the manner provided in the Notice of Proposed Class Action Settlement and Fairness Hearing exceeds the number filed with the Court under seal concurrently with this Consent Decree (Sealed Exhibit D), then Boeing, at its option, shall have the right to void this settlement within fifteen (15) days after the date by which the Court requires Class Members to return their opt-out notices.  With respect to the claims percentages ranges set forth in Section IV.A.1, a class member who has opted out of the settlement nevertheless shall be counted in the denominator of said calculations.

2.    **Release/Bar of Claims**

a.    **Release**

i.    In consideration of the promises contained in, and the benefits provided or to be provided hereunder, upon the Effective Date this Consent Decree shall resolve, extinguish, and finally and forever bar any and all claims in law or in equity which any of the Class Representatives, or their respective representatives, agents, heirs, executors, administrators, successors, or assigns have, may have, may have had, or in the future may have against Boeing arising from or related to events that occurred during the Liability Period.  Prior to receiving any monetary relief under this Decree, each Class Representative will be required to execute a full and

[PROPOSED] COURT-APPROVED CONSENT DECREE (No. C00-0301P) – Page 14

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

final general release of all claims against Boeing, whether or not asserted in This Case, in the form attached as Exhibit C.

ii.      Except with respect to any persons who have effectively exercised a right to opt out of this Decree, in consideration of the promises contained in, and the benefits provided or to be provided to the Class Members hereunder, upon the Effective Date this Consent Decree shall resolve, extinguish, and finally and forever bar any and all Claims in law or in equity for monetary relief or for equitable relief for alleged gender discrimination in regard to compensation or IAM hourly overtime, and, with respect to alleged gender discrimination in regard to promotion, for all claims for equitable relief (not including back pay), which any of the Class members, or their representatives, agents, heirs, executors, administrators, successors, or assigns have, may have, may have had, or in the future may have against Boeing arising from or related to events that occurred during the Liability Period which are in alleged violation of Title VII, the EPA, the WEPA and/or the WLAD.  As used in this Section III.D.2.a.ii, the phrase "claims for monetary relief" shall include all claims for economic or non-economic monetary damages of any kind, including, without limitation, claims for back pay, employment benefits (including, without limitation, retirement, life insurance, and 401(k) savings plan benefits, and the monetary equivalent of various forms of leave), and/or interest (including both pre-judgment interest and post-judgment interest), compensatory damages and punitive damages.

3.      Upon the Effective Date, the doctrines of *res judicata* and collateral estoppel shall bind all Class Representatives and other Class Members (except those who have effectively opted out under the provisions of this Consent Decree) with respect to all

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 15

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

claims identified in Section III.D.2.a.ii, above. This Consent Decree may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Decree.

### b.    No Bar to Certain Claims

Nothing in the Decree shall be construed to bar (i) any claims of Class Representatives or other Class Members that arise after the Liability Period, or (ii) any entitlement to, or benefits from, programs administered by any governmental agency/authority, or provided directly by Boeing, due to the individual being no longer employed by Boeing, or being partially or wholly disabled from work, such as but not limited to unemployment or disability benefits from any state or federal agency.

## E.    NO ADMISSION OF LIABILITY

Boeing expressly denies any wrongdoing or liability. This Consent Decree represents the compromise of disputed claims. It reflects the parties' recognition that litigation of these claims would severely burden all concerned and would require a further commitment of time, resources and money. The Consent Decree does not constitute, is not intended to constitute, and shall not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations, claims, or defenses alleged in This Case.

## F.    INTERPRETATION OF CONSENT DECREE

### 1.    Nature of Agreement

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 16

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    This Consent Decree is a contract and shall, upon final approval by the Court, also

2    constitute an order of the Court, and all of its provisions shall be enforceable by the parties

3    as an order of the Court.

4    **2.    Calculation of Time**

5    In computing any period of time prescribed or allowed by this Decree, unless

6    otherwise stated, such computation or calculation shall be made consistent with Federal

7    

8    Rules of Civil Procedure 6(a) and 6(e).

9    **3.    No Modification of Title VII or Washington Law Against
           Discrimination Requirements**

10   

11   Nothing in this Decree may be taken as modifying either the statutory or

12   regulatory procedures pertaining to initiating and maintaining administrative and judicial

13   proceedings under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

14   §§2000e-16 *et seq.*, or the Washington Law Against Discrimination, or the requirement to

15   exhaust administrative remedies prior to initiating suit under those statutes.

16   **G.    APPLICATION OF THIS DECREE TO BARGAINING UNIT
           MEMBERS**

17   

18   The provisions of this Decree shall apply to bargaining unit members to the fullest

19   extent permitted by law and under applicable collective bargaining agreements.

20   **IV.  MONETARY RELIEF**

21   **A.    BOEING PAYMENT TO THE CLASS**

22   

23   **1.    The Total Fund**

24   a.    Boeing shall pay to the Class the total payment specified in this

25   Section IV.A.1 (plus interest, as specified in Section IV.A.3, below) in full, complete, and

26   final satisfaction of all claims released pursuant to Section III.D.2.a.ii.  As indicated in the

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 17

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

matrices set forth in this Section IV.A.1, the amount of the total payment to the Class by Boeing shall depend upon the percent of Class Members in each of the two sub-classes who execute and submit a timely claim for monetary relief under this Decree. The denominator in these calculations shall be the total number of individuals who meet the definition of the Class (and the respective Sub-Class) set forth in Section III.A.10, as reflected in Boeing's Enterprise People Data Warehouse. This total payment, comprised of the Salaried Class Fund plus the Hourly Overtime Class Fund, shall be denominated the "Total Fund." Except solely insofar as this amount is augmented by imputed interest pursuant to Section IV.A.3, or with respect to any attorneys' fees and expenses that may be awarded by the Court pursuant to Section VII.C, the Total Fund shall constitute the entirety of Boeing's monetary obligations under this Decree.

### b.    Salaried Class Fund

| | |
|---|---|
| If Claims Return Rate is ≤ 15% | The Amount is $31.6 million |
| If Claims Return Rate is > 15% but ≤ 21% | The Amount is $35.8 million |
| If Claims Return Rate is > 21% but ≤ 24% | The Amount is $37.3 million |
| If Claims Return Rate is > 24% but ≤ 28% | The Amount is $40.4 million |
| If Claims Return Rate is > 28% but ≤ 35% | The Amount is $43.6 million |
| If Claims Return Rate is > 35% but ≤ 38% | The Amount is $46.7 million |
| If Claims Return Rate is > 38% but ≤ 45% | The Amount is $50.9 million |
| If Claims Return Rate is > 45% but ≤ 53% | The Amount is $53.7 million |
| If Claims Return Rate is > 53% | The Amount is $56.4 million |

### c.    Hourly Overtime Class Fund

| | |
|---|---|
| If Claims Return Rate is ≤ 15% | The Amount is  $9.0 million |
| If Claims Return Rate is > 15% but ≤ 21% | The Amount is $10.2 million |
| If Claims Return Rate is > 21% but ≤ 24% | The Amount is $10.7 million |
| If Claims Return Rate is > 24% but ≤ 28% | The Amount is $11.6 million |
| If Claims Return Rate is > 28% but ≤ 35% | The Amount is $12.4 million |
| If Claims Return Rate is > 35% but ≤ 38% | The Amount is $13.3 million |
| If Claims Return Rate is > 38% but ≤ 45% | The Amount is $14.5 million |
| If Claims Return Rate is > 45% but ≤ 53% | The Amount is $15.3 million |
| If Claims Return Rate is > 53% | The Amount is $16.1 million |

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 18

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

### 2.     Distribution of the Total Fund

From the Total Fund first shall be paid the amounts approved by the Court pursuant to Section VIII, covering (a) Class Counsel's litigation costs and expenses, and (b) Class Counsel's attorneys' fees incurred in litigating This Case, and pursuant to Section IV.C, covering payments to the Named Plaintiffs and Class Witnesses.   These amounts shall be deducted from the Salaried Class Fund and the Hourly Overtime Class Fund in direct proportion to their relative size.

### 3.     Interest on Total Fund Amounts

Boeing shall add to the Total Fund an amount of imputed interest accrued at an annual rate of 2% of the amount in the Total Fund which has not yet been distributed (including such amounts as ultimately are awarded as attorneys' fees and costs), as determined hereby.  Interest at such 2% annual rate shall begin to accrue sixty (60) days after the date of the District Court's decision granting Final Approval of the settlement, and will continue to accrue until the checks payable to at least 80% of the award recipients are disbursed to the Claims Administrator for delivery to the Class Members pursuant to Section IV.B.2.f and Section IV.D.  At that time, Boeing shall provide a check to the Claims Administrator for the entire amount of the imputed interest ("the Interest Fund"), and Boeing shall have no obligation to pay any further interest on any amounts that may remain in the Total Fund.  The Claims Administrator shall serve as a trustee of the Interest Fund, and shall make disbursements from the Interest Fund according to the directions of Class Counsel.  Class Counsel shall be entitled to apply such interest payment amounts to: first, expenses of administration, notices and other costs associated with implementing this

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 19

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

settlement; the attorneys' fees and costs generated in monitoring Boeing's compliance with this Decree; and litigation costs in excess of $3 million; and, second, once the foregoing amounts are fully paid, on a proportionate basis to the payments to Class Counsel and to those Class Members entitled to payments. That is, if the total payments to the Class equal "X," and the Court approved payment to Class Counsel for attorneys' fees and expenses pursuant to Sections VIII.A and B equals "Y," then the portion of the residual interest sums due the Class equals X divided by (X+Y) times the available residual interest, and Class Counsel shall receive an amount equal to Y divided by (X+Y) times the available residual interest.

**B.    CALCULATION OF MONETARY AWARDS TO CLASS MEMBERS AND SCHEDULE**

**1.    Basic Eligibility for Payments from the Funds**

Class Members may receive a payment from the funds under the following circumstances:

    **a.**    To qualify for any payment from the funds, an individual must:

        **i.**    Return a completed Claim Form postmarked no later than the date established under this Decree for submitting claims.

        **ii.**    State that one or both of the following is true:

            **(a).**    Based on the information available to me, I believe I may have been paid unfairly because I am a woman; and/or,

            **(b).**    I believe I have received less overtime than males because I am a woman.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 20

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

    **b.**    Claims filed on behalf of deceased class members must be accompanied by a certified copy of the deceased class member's death certificate and must be filed by an administrator or other authorized representative of the Estate.

    **c.**    Calculation of Individual Awards from the Salaried Fund.

        **(i).**    The Salaried Class Fund will be split into pools for each time period and category of employee, as set forth below.

### February 25, 1997 – March 1998

| | |
|---|---|
| Management | 7.61% |
| SPEEA Tech | 6.05% |
| Non-Exempt and Exempt Employees | 15.85% |

### April 1998 – March 1999

| | |
|---|---|
| Management | 3.16% |
| SPEEA Tech | 3.42% |
| Non-Exempt and Exempt Employees | 27.28% |

### April 1999 – March 2000

| | |
|---|---|
| Management | 2.4% |
| SPEEA Tech | 2.87% |
| Non-Exempt and Exempt Employees | 15.98% |

### April 2000 – March 2001

| | |
|---|---|
| Management | .96% |
| SPEEA Tech | 4.18% |
| Non-Exempt and Exempt Employees | 3.1% |

### April 2001 – March 2002

| | |
|---|---|
| Management | .17% |
| SPEEA Tech | 3.61% |

### April 2002 – Date of Preliminary Approval

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 21

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Management                                                        .47%
SPEEA Tech                                                      2.89%

    (ii).   The specific monetary award that will be paid to
qualified salaried claimants who file timely claims in the manner described
above will be determined by crediting to that claimant one point for each
full or partial month worked in one or more salaried non-intern positions in
each time period and category of employment, among the pool categories
described above.

    d.   Calculation of Individual Awards from the Hourly Fund.

    (i)   The Hourly Overtime Fund will be split into pools for each
time period, as set forth below.

**February 25, 1997 – December 31, 1997**

30.68%

**January 1, 1998 – December 31, 1998**

30.44%

**January 1, 1999 – December 31, 1999**

13.12%

**January 1, 2000 – December 31, 2000**

9.45%

**January 1, 2001 – December 31, 2001**

8.99%

**January 1, 2002 – Date of Preliminary Approval**

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 22

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

7.32%

(ii).    The specific monetary award that will be paid to each qualified hourly claimant who files a timely claim will be determined by crediting to that claimant one point for each full or partial month worked in one or more hourly positions in each time period.

e.    Each qualified claimant's share of the respective funds (Hourly Overtime and Salaried) will be determined once all valid claims have been received.  All of the points within each pool will be added up and each Class Member will receive a share of the pool in proportion to her share of the total points for that pool.

f.    Each Class Member who has not opted out and has timely submitted a valid Claim Form pursuant to the procedure set forth above shall receive the amounts calculated according to the distribution formula set forth above.  Notwithstanding the results of these calculations, however, each such Class Member shall receive not less than $500.

g.    All decisions concerning monetary awards to Class Members from the Hourly Overtime Fund and Salaried Fund are to be determined solely by the model specified above, subject to the provisions of this Consent Decree.  The Claims Administrator shall identify the Class Members to receive monetary relief, pursuant to the distribution formula described above, subject to approval of the Court.  Calculation of the amounts due each Class Member shall be performed by Boeing using its electronic information concerning each Class Member's date(s) of employment.  Boeing's calculation of these amounts, as confirmed by the Claims Administrator, shall be final.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 23

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2. **Schedule of Distributing Payments**

a. Within sixty (60) days after the Effective Date of the Consent Decree, the Claims Administrator shall issue claim forms, by first class mail postage prepaid, to all members of the class. A copy of the Claim Form is attached to this Decree as Exhibit B. The Claims Administrator shall use Best Efforts to deliver the Claim Form to all Class Members, including using available electronic search methodologies to re-mail claim forms to any Class Member whose initial mailing is returned as undeliverable. Class Counsel shall have the exclusive responsibility to determine whether the efforts of the Claims Administrator in this regard constitute "Best Efforts."

b. Class Members shall have one hundred twenty (120) days from the earliest date on which the Claims Administrator issues the claim forms within which to return their claim forms to the Claims Administrator. Claim forms postmarked within one hundred twenty (120) days from the date on which the claim form issuance commences shall be deemed timely.

c. Thereafter, the Claims Administrator shall have thirty (30) days within which to perfect any defects in the claim forms (*e.g.* where there is no signature or incomplete information on the claim form). Subsequently, the Claims Administrator shall have thirty (30) days in which to compile a list of the claimants from whom it received timely claim forms and to transmit copies of the list of claimants to counsel for the parties.

d. Counsel for each side shall have thirty (30) days from receipt of the list of timely and eligible claimants from the Claims Administrator within which to determine whether they contest the eligibility of any claimant whom the Claims

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 24

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

30

Administrator has identified on the list of claimants, and to give notice in writing to the other counsel of the identity of any claimants whose right to participate in the monetary relief is being challenged and the grounds for such challenge. Counsel for the parties will then confer in a good faith attempt to resolve any disputes that may arise over the eligibility of particular claimants to participate in the monetary relief under the Decree. In the event such efforts do not resolve the concerns within forty (40) days from receipt of the list of timely and eligible claimants from the Claims Administrator, then the counsel who has contested the eligibility shall transmit to Hunter Hughes, Esq. the identities of the claimants whose eligibility to participate in the monetary relief is contested, along with grounds asserted for the contest of each claim. Within thirty (30) days of receipt of this information, Mr. Hughes shall rule on whether each contested claimant is allowed to participate in monetary relief, after soliciting any needed information from counsel for the parties. Mr. Hughes shall be appointed by the Court as a Special Master for the purpose of making these rulings, which will be final and not subject to further review.

e.      At the close of the period within which rulings on contested claims have been made or within which the parties were permitted to contest the eligibility of any claimant to participate in the monetary relief, whichever is longer, Class Counsel will transmit the final list of claimants eligible to participate in the monetary relief to Boeing. Boeing shall have 60 days from receipt of this information within which to compute the amounts payable to each class member, in conformity with the distribution formula set forth in Section IV.B.1.c or IV.B.1.d. At the conclusion of this period, Boeing shall transmit its calculations of the gross amounts to be allocated to each Class Member to Class Counsel and to the Claims Administrator.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 25

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

f.      Claims Counsel will submit to the Court under seal, within thirty (30) days of receipt of this information from Boeing, a report describing the claims process, the responses received, and the gross amount due each such Class Member hereunder.  Boeing shall, no later than sixty (60) days after the report is received, deliver to Settlement Services, Inc. checks made out to each recipient of monetary relief, in the appropriate net amounts as described below.

## C.      CALCULATION OF SERVICE PAYMENTS TO NAMED PLAINTIFFS AND CLASS WITNESSES

1.      Each of the Named Plaintiffs will apply to the Court for an award of $100,000 for the services she has provided to the Class, and the risks she has taken on behalf of the Class, which will satisfy fully all claims she has brought or may have brought against Boeing up to and including the date of Preliminary Approval, and compensates her for those services and risks she has undertaken during this litigation, as detailed in Section IV.C.2, below.

2.      The parties have valued the services provided and risks undertaken by each of the twelve Named Plaintiffs in the following manner, subject to the Court's approval:

(a)      Service by each of the Named Plaintiffs on the case litigation steering committee in which they gave direction to, and regularly consulted with, Class Counsel about case strategy and direction and later about trial plans and settlement terms, valued at $15,000 each;

(b)      Assistance by each of the Named Plaintiffs in designing and undertaking discovery and responding to discovery undertaken by Boeing, as well as

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 26

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

submitting to one or more depositions and providing one or more declarations, valued at $25,000 each;

      **(c)**    Assumption by each of the Named Plaintiffs of the risk that awardable litigation and other costs might be assessed against them, and the loss of wages during time taken from work in order to participate in this litigation, valued at $20,000 each; and

      **(d)**    Execution by each of the Named Plaintiffs of a release of all claims they have or may have had against Boeing, which is broader than the release applicable to other Class Members, and future services by each of them in conferring with Class Counsel in monitoring this Consent Decree, valued at $40,000 each.

      **3.**    The award that each Named Plaintiff receives shall be in lieu of any award which the Named Plaintiff otherwise could seek from the Hourly Overtime Fund and/or the Salaried Fund.  The payments awarded to the Named Plaintiffs shall be subject to approval by the Court, and any modification or reduction of any award sought by a Named Plaintiff shall not affect the validity of the other terms of this Decree.

      **4.**    Subject to the Court's approval, there are an additional 22 members of the certified class, other than the Named Plaintiffs, who are eligible to seek an award in compensation for services rendered to the class through their submission to a deposition, provision of a declaration and/or the supply of information used in responding to discovery undertaken by Boeing, subject to the Court's approval.  The parties agree that such awards may be up to but shall not exceed $20,000 for any of these individuals.  The Class Representatives will ask that each of these 22 individuals receive $20,000 for her service to the Class.  The receipt of such an award will not preclude the Class Member

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 27

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

from receiving an award from the Salaried Fund and/or Hourly Fund.  Any payments awarded to these Class Members who rendered assistance to the class shall be subject to approval by the Court, and any modification or reduction of any award sought by such a Class Member shall not affect the validity of the other terms of this Decree.

**D.    DISTRIBUTION OF MONETARY AWARDS TO CLASS MEMBERS**

1.    Except solely with respect to calculation of the gross and net amounts due each Class member, and the preparation of checks for the net amounts, which shall be conducted by Boeing, the administration and distribution of monetary awards shall be handled by the Claims Administrator, whose duties will include:  (1) locating Class Members who are no longer employed by Boeing; (2) issuing notice to Class Members describing this Consent Decree and the right to object or opt out of the settlement; (3) distributing claim forms to, and receiving executed originals of same from Class Members;  (4) answering procedural questions from Class Members about the claims process under this Consent Decree through the use of a toll-free number; (5) creating a database of Class Members who have filed timely and valid claims; and (6) providing web-based responses to frequently asked questions.

2.    Boeing shall provide to the Claims Administrator, for delivery to the Class Members, checks for the net amount of the payment due that individual under the Decree, and a notice of the amounts withheld from that gross award for payroll taxes and withholding.  Further, Boeing will prepare and distribute W-2 and/or 1099-MISC tax forms (or any other applicable tax forms) to Class Representatives and Class Members prior to the subsequent tax-filing deadline for individual income taxes.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 28

LAW OFFICES OF
McNaul Ebel Nawrot Helgren
& Vance, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**3.**     If a Class Member who is eligible to receive monetary relief under this Consent Decree is deceased at the time of such distribution hereunder, the Claims Administrator may direct that the amount payable to such deceased Class Member shall be paid to the appropriate representative of her estate.  If the Claims Administrator determines that there is insufficient information or proof regarding the deceased person's estate to permit such payment, the deceased person's share shall become part of a *cy pres* fund containing any amounts remaining after all other disbursements called for under this Decree have been made.  Similarly, if a Class Member fails to cash an award check within one hundred twenty (120) days following the date of the check, then the amount of the check shall become part of the *cy pres* fund.  Within 180 days following the delivery of each set of checks to the Claims Administrator, Boeing will notify the Claims Administrator of any checks not cashed within the aforementioned 120-day period.  Once all disbursements called for under this Decree have been made, and all that remains are the *cy pres* funds, then a check for that amount shall be delivered by Boeing to the Northwest Women's Law Center, which is a § 501(c)(3) organization.

**E.     TAX WITHHOLDING FROM MONETARY RELIEF**

Any required employee deductions for federal, state, and local taxes, employee retirement account contributions, Medicare taxes and any other routine payroll deduction required by law, as determined by Boeing, shall be deducted from any amounts paid to Class Members from the Hourly Overtime Fund and Salaried Fund . In calculating the amounts to be paid each qualified claimant, Boeing shall identify the net amount to be paid to the claimant after all the relevant employee deductions.  Neither the Class Counsel

[PROPOSED] COURT-APPROVED CONSENT DECREE (No. C00-0301P) – Page 29

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

nor the Claims Administrator shall be responsible for calculating the applicable taxes or withholding any appropriate deductions or reporting to the government any amount so withheld.

## V.  EQUITABLE RELIEF PROVISIONS

### A.    JOB ANALYSIS ISSUES

1.    Boeing agrees that maintaining equitable salary relationships is facilitated by having a system of accurate and current job descriptions.

2.    Boeing completed the Salaried Job Classification ("SJC") system for non-union positions in 1999, and for the SPEEA Technical positions in 2001, and has periodically updated the descriptions of the SJC jobs thereafter, on an ad hoc basis.

3.    During the term of the Decree Boeing will conduct a thorough review of the job descriptions of the non-union SJC positions, and revise them if necessary, to ensure that the job descriptions adequately identify the critical knowledge, skills, abilities and other characteristics ("KSAOs") for each job family, and for each level within each job family.  Boeing will complete the identification of KSAOs for not less than 30% of the job family/level combinations during the first year following the Final Approval Date, and for not less than 60% of the job family/level combinations during the second year following the Final Approval Date

### B.    PERFORMANCE EVALUATION ISSUES

1.    During the life of the Decree, Boeing will conduct an annual Performance Evaluation ("PE") exercise with respect to its non-union SJC and SPEEA Technical

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 30

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

populations.  In the course of this exercise, each employee's direct supervisor will evaluate the employee's performance during the assessment year, for the purpose of providing constructive feedback and guidance to the employee, and for documenting, inter alia, the extent to which the employee has during the assessment year achieved his/her goals and objectives and demonstrated the Performance Values.

2.      Boeing's guidelines for completing the PE exercise will state that supervisors are expected to identify specific examples of performance behaviors to support high or low ratings in any category.  Boeing will determine and provide training to supervisors delineating what level of rating falls within this requirement, and on how best to document and record such consequential performance behaviors.

3.      Each non-union SJC or SPEEA Technical employee shall be provided an electronic or written copy of his/her completed PE form.  Boeing shall retain an electronic or written copy of each such employee's completed PE form for the life of the Decree, but not less than two years. In the event that during the life of the Decree Boeing modifies its PE form so that each such employee receives an overall rating that can be associated with a discrete numerical or letter score, then Boeing shall retain those ratings in a centralized electronic database.

4.      Boeing will monitor the extent to which PE forms are completed on non-union SJC and SPEEA Technical employees each year during the life of the Decree.  It shall be Boeing's objective to achieve a 100% completion rate each year with respect to all such employees who have been employed at least six months at the time of PE close-out.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 31

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1        **a.**    In addition to those employed less than six months at the time of PE

2    closeout, Boeing shall retain the right to identify other narrow categories of employees

3    who shall be exempted from the mandatory PE requirement because the circumstances of

4    such individuals' employment during the evaluation year undercuts the value of

5    conducting such an evaluation.  These additional categories of exempted employees shall

6    under no circumstances comprise in total more than 5% of the total population of Puget

7    Sound non-union salaried and SPEEA Technical employees who have been employed at

8    least six months at the time of PE closeout.  By way of example, the parties contemplate

9    that one such exempted category may be those employees on leave of absence at least six

10   months during the assessment year.

11       **b.**    Notwithstanding the full-completion objective, Boeing shall not be

12   deemed out of compliance with this provision of the Decree as long as it achieves at least

13   a 90% PE completion rate each year among those Puget Sound non-union SJC and

14   SPEEA Technical employees who are not exempted from the mandatory PE requirement.

15       **5.**    Failure of a manager to complete PE forms on all his/her employees who

16   are not exempted from the mandatory PE requirement shall be a factor considered in the

17   assessment of that manager's performance, for both PE and salary review purposes.

## C.   SALARY REVIEW ISSUES

    **1.**    During the life of the Decree Boeing will conduct an annual assessment of

each employee's performance, and the value of his/her contribution, for the purpose of

salary review (the "Assessment").  The Assessment will be conducted pursuant to the

system then in place for incorporating said assessment into the salary review process.

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 32

LAW OFFICES OF
McNaul Ebel Nawrot Helgren
& Vance, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Boeing will inform employees in advance of the standards on the basis of which the Assessment will be conducted. The Assessment will be documented and shared with the employee as part of the salary increase advisement process; if the Assessment consists of more than just an alpha-numeric rating, then the employee will be provided a copy of the full document. As Boeing completes its review and determination of each job's critical KSAOs, as described in Section V.A.3, above, it will make this information available to managers at the time they conduct the Assessment, so that the manager can relate to these KSAOs their comments regarding the value of the employee's contributions.

2. During the life of the Decree Boeing will establish for each employee a numerical or letter rating associated with the Assessment. Under the system currently in use for most Puget Sound jobs covered by the Decree, this rating is known as the Value Index ("VIN"), which identifies by the letters "A" through "G" the band assigned in the salary review process to rate the value of each employee's contribution. Boeing will develop and implement descriptions applicable to each such alpha-numeric Assessment rating. Boeing will provide to any manager who participates in developing an employee's Assessment rating a written or electronic copy of the employee's completed PE form for the immediately preceding performance evaluation cycle. If, during the life of the Decree, Boeing modifies its PE form so that each employee receives an overall rating that can be associated with a discrete numerical or letter score, then Boeing, at its option, may use the PE as the foundation for the Assessment.

3. Boeing will conduct an annual disparate impact analysis identifying the extent to which the assignment of Assessment ratings results in any adverse impact on women within appropriate analysis groups. An analysis by Level within JAG within AAP

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 33

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

site will be deemed presumptively appropriate, as long as each analysis group has no fewer than thirty (30) employees.  To the extent that a statistically significant adverse impact is identified within a group, Boeing will investigate further to determine whether there is a legitimate business-related justification for such impact.  If it is determined that there is no legitimate business justification for the apparent adverse impact, Boeing will counsel the responsible managers regarding salary equity issues, and will take appropriate remedial action, which will include, if warranted, supplemental salary adjustments for affected employees.

4.    Following the assignment of the rating associated with the Assessment, the ratings of employees in each Salary Review Group ("SRG") will be input into a salary review tool that identifies a preliminary salary (or preliminary salary range) based solely upon applying a specified formula or matrix to the employee's Assessment rating, the employee's pre-review CompaRatio (salary divided by salary range midpoint), the available salary review funds for the SRG, and the comparable information for remaining SRG employees.  Presently, this process is accomplished through the Salary Planning Tool ("SPT"), but Boeing anticipates that this functionality may be transferred to the Pay Visibility Tool ("PVT") during the life of the Decree.

5.    During the course of each Salary Review process during the life of the Decree, Boeing will conduct an adverse impact analysis of the extent to which the Final Salaries assigned to employees differ from their respective Preliminary Salaries.  In the event that Boeing elects to modify the product of the SPT (or PVT) calculation from a preliminary salary to a preliminary salary range, then Boeing will conduct an adverse impact analysis comparing Final Salaries to the midpoint of the applicable preliminary

[PROPOSED] COURT-APPROVED CONSENT
DECREE (No. C00-0301P) – Page 34

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816