Hon. Marsha J. Pechman

00-CV-00301-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

Plaintiffs,

v.

THE BOEING COMPANY,

Defendant.

No. C00-0301P

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CONSENT DECREE AND MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS TO CLASS COUNSEL

<u>Noted for Motion Calendar:</u>
October 8, 2004

This action having come before the Court for a Fairness Hearing on October 8, 2004, pursuant to the Court's July 16, 2004 Order preliminarily approving the proposed Consent Decree between the plaintiff class and defendant The Boeing Company; and due notice of said hearing having been given pursuant to the Court's July 16, 2004 Order; and all members of the Class having been provided the opportunity to file written objections to the proposed Consent Decree and/or to Class Counsels' Petition for Attorneys Fees and Reimbursement of Expenses, as described in the Notice of Proposed Settlement; and the Court having considered the matter and all of the submissions filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefor,

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. As required by this Court in its Preliminary Approval Order: (a) Notice of the proposed consent decree was mailed by first-class mail to all Class Members whose addresses could be obtained with reasonable diligence, and to all potential Class Members who requested a copy; and (b) Notice of the proposed consent decree was posted on Class Counsel's web-site on the Internet. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e)(1)(B) and due process, and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons entitled thereto.

2. There is no evidence suggesting even remotely that the settlement in this case was the product of collusion between plaintiffs and defendant, or their respective counsel. To the contrary, all available evidence, including the reports to the Court by the mediator, Hunter Hughes, Esq., demonstrates that this settlement was the result of *bona fide* and arm's-length negotiations conducted in good faith between the parties, which did not lead to a settlement until the eve of trial.

3. There were no written objections filed that contested either the fairness of the Consent Decree or the reasonableness of Class Counsels' Petition for Attorneys' Fees and Reimbursement of Expenses. The Court held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and to hear any objections.

4. In assessing the proposed settlement, the Court considered the strength of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and stage of proceedings; the experience and views of counsel; and the reaction of class members to the proposed settlement.

5. By virtue of the parties' extensive motion practice and pre-trial evidentiary and instruction disputes, the Court is well-acquainted with the evidence, the attorneys, and

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

the complexity of this class action. Based upon all of this information, the Court finds that both parties faced considerable risk in litigating this case and that an appeal was likely. Further, at the time of the scheduled trial important questions remained to be addressed by the Court regarding the standards pursuant to which any award of back pay and/or punitive damages could have been assessed against the Defendant if liability was found. Without doubt, continued litigation of these many issues would have been enormously burdensome and expensive for the Class as well as for The Boeing Company.

6. Given these findings, the Court finds that the settlement, which includes significant injunctive relief as well as a substantial back pay award, is fair, adequate, and reasonable, and not the product of fraud or collusion. The Consent Decree is hereby approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class as a whole and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements. Accordingly, the Consent Decree is hereby ENTERED as a FINAL ORDER of this Court.

7. As set forth in the Consent Decree, Claim Forms will be sent by first class mail to all class members, and the final amount of the settlement will be determined based upon the number of responses, but will not be less than $40.6 million nor more than $72.5 million, exclusive of any interest paid by Boeing on these sums pursuant to the terms of the Consent Decree. The Court specifically approves the distribution formula set forth in the Consent Decree.

8. Class Counsels' Petition for Attorneys' Fees and Reimbursement of Expenses, is granted. The Court finds that the requested award of attorneys' fees and expenses is fair and reasonable. Therefore, pursuant to Class Counsels' Petition and the terms of Section VIII.A of the Consent Decree, the Court awards Class Counsel 25% of the pre-interest total settlement fund (after $3 million of expenses are deducted) or $15.0 million, whichever is less, for services on behalf of the Class through and including this date. The Court also

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

awards Class Counsel $3 million in expenses, pursuant to Section VIII.B of the Consent Decree, for litigation expenses incurred through and including this date. Defendant shall pay Class Counsel the aforementioned $3.0 million for its expenses, and $9.2 million towards the attorneys' fees ultimately due Class Counsel under this Paragraph, on or before January 15, 2005, unless this Order is appealed. The remainder (if any) of the attorneys' fees due Class Counsel, as awarded in this Paragraph, shall be paid when Defendant fulfills its monetary obligations to class members, as set forth in Section IV.B.2.f of the Consent Decree. Any future additional attorneys' fees and costs to be paid to Class Counsel, other than those awarded in this Paragraph, to which Class Counsel may become entitled in accordance with Sections IV.A.3 and/or VII.C of the Consent Decree, shall be decided by this Court in future motions.

9. The Court awards each of the Named Plaintiffs the following amounts: (a) for over four years of service on the case litigation steering committee in which they gave direction to, and regularly consulted with, class counsel about case strategy and direction and later about trial plans and settlement terms, $15,000; (b) for assistance in designing and undertaking discovery and responding to discovery undertaken by Boeing as well as submitting to from one to five days of deposition testimony and providing one or more declarations, $25,000; (c) for assumption of the risk that awardable litigation and other costs might be assessed against them and the loss of wages during time taken from work in order to participate in this litigation, $20,000; and (d) for execution of a release of all claims they have or may have had against Boeing, which is broader than the release given by other members of the class, $40,000. Pursuant to the terms of the Consent Decree, these amounts will be deducted from the total settlement fund before applying the distribution formula set forth therein.

10. The Court awards the 22 class members who were not named plaintiffs, but who were designated as trial witnesses and were deposed regarding their trial testimony,

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

$20,000 each for services rendered to the class by being deposed, providing a declaration and/or supplying information used in responding to discovery undertaken by Boeing or positions asserted by Boeing in motions. Pursuant to the terms of the Consent Decree, these amounts will be deducted from the total settlement fund before applying the distribution formula set forth therein.

11. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, and to object to Class Counsels' petition for attorneys' fees and reimbursement of expenses, it is hereby determined that all Class Members, except those who properly requested exclusion, are bound by this Order, and by the release of claims contained in Section III.D.2.a.ii of the Consent Decree.

12. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Order as a final judgment that is immediately appealable. If there is no appeal of this Order, the Second Amended Complaint in this action shall be dismissed with prejudice.

13. Without in any way affecting the finality of this order, the Court hereby retains jurisdiction over the parties, as set forth in Section VII of the Consent Decree, for purposes of such further orders as may be necessary to enforce or effectuate the Consent Decree.

SO ORDERED this __8__ day of __Oct._____, 2004.

_____
Hon. Marsha J. Pechman
United States District Judge.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 5

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Presented by:

By: _____
Michael D. Helgren, WSBA No. 12186
Barbara H. Schuknecht, WSBA No. 14106
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101-3143

Attorneys for Plaintiffs

By: _____
Joseph M. Sellers
Christine E. Webber
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Attorneys for Plaintiffs

By: _____
C. Geoffrey Weirich
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street N.E., Suite 2400
Atlanta, GA 30308-2222

Attorneys for Defendant

By: _____
Lawrence B. Hannah
Perkins Coie LLP
Suite 700
10885 NE 4th Street
Bellevue, Washington 98004-5579

Attorneys for Defendant

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF
CONSENT DECREE (No. C00-0301P) – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1285-003 qj042103 10/5/04