Hon. Marsha J. Pechman
Plaintiffs' Motion No. 51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY BECK, et al.,

    Plaintiffs,

 v.

THE BOEING COMPANY,

    Defendant.

No. C00-0301P

PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF SETTLEMENT FUNDS TO THE CLASS

NOTED FOR: November 25, 2005

## I. INTRODUCTION

Pursuant to section IV.B.2.f of the Consent Decree entered by this Court on October 8, 2004, Class Counsel submit this report to the Court describing the claims process and move for the Court to approve distribution of the settlement funds in accordance with the distribution described herein. The undersigned counsel for Boeing confirm the accuracy of the positions ascribed to Boeing in this report.

## II. REPORT ON THE CLAIMS PROCESS

Pursuant to section IV.B.2.a of the Consent Decree, claim forms were sent by first class mail, postage prepaid, to all class members, at their last known address, on January

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3, 2005. Prior to sending out the claim forms, a postcard had been sent informing the class members of the order granting final approval to the settlement, and seeking address confirmation. For all postcards which were returned as undeliverable, the Settlement Administrator searched, based upon social security numbers provided by Boeing, for any alternate addresses for class members and mailed the claim forms to alternate addresses for those class members. Finally, notice about the suit and a sample claim form were posted on the website www.beckvboeing.com. Based upon the efforts undertaken by the Settlement Administrator to locate current addresses, and the actual response rate by class members, the Settlement Administrator met its obligation to use "best efforts" to deliver the claim form to all class member, consistent with Section IV.B.2.a of the Consent Decree.

A total of 20,338 claim forms were received by the Settlement Administrator, and a full report on all claim forms was provided to Boeing. Following a review of the claim forms by counsel for Boeing, 2378 claim forms were contested by Boeing. Class Counsel does not dispute the disqualification of those claim forms where the claim form (a) was postmarked after May 3, 2005, the deadline for mailing in a claim form pursuant to the Consent Decree IV.B.1.a.i and B.2.b; (b) was submitted by someone who did not actually qualify as a class member;[1] (c) was submitted by a class member who had filed a valid

---

[1] This included those who did not work in the Puget Sound area during the class period, women who had been terminated by Boeing prior to the class period, engineering employees who were not covered by the settlement, or people who worked for Boeing only through a temporary agency or other contractor, and not as a Boeing employee. *See generally* Consent Decree at III.A.10. It also included one person who is a pre-operative transsexual who as of yet has not undergone gender reassignment surgery and is recorded in Boeing's database as a male. Finally, class representatives who received individual awards pursuant to the Consent Decree were not eligible to participate in the distribution of funds to class members, and their claim forms were also excluded.

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

form opting out of the class, and had not asked to withdraw that opt-out form;[2] and (d) did not comply with section IV.B.1.a.ii of the Consent Decree because it did not state either that the class member believed she may have been paid unfairly because of her gender or that she had received less overtime because of her gender.[3] There were, however, eleven individuals that Boeing could or did initially challenge, who the parties ultimately agreed to include in the class. They are discussed below at pages 4-5.

Subject to the Court's approval of the positions described herein regarding certain claimants, there were 5,584 valid claim forms from hourly class members, which constitutes 59.4% of the total hourly class, and 12,776 valid claim forms from salaried class members, which constitutes 65.5% of the salaried class.[4] Thus, the parties agree that pursuant to section IV.A.1 of the Consent Decree, Boeing should allocate to the Salaried Class Fund $56.4 million and to the Hourly Class Fund $16.1 million, for a Total Fund of $72.5 million, including attorneys' fees and costs.

### III. PROPOSED DISTRIBUTION

#### A. Resolution of Issues that Arose in the Claims Process

There were some issues that arose during the claims administration process which were not explicitly addressed by the Consent Decree. The parties have no dispute about how to address these issues, and request that the Court, in approving the distribution to the

---

[2] This group is discussed in further detail below at page 5.

[3] This includes those who checked "no," those who answered "I don't know" and those who provided no answer at all. Further, if the woman asserted a claim only as to overtime, but had worked only as a salaried employee on whose behalf no overtime claims were pursued, or if the woman asserted a claim only as to salary, but had worked during the class period only as an hourly employee on whose behalf no equal salary claims were pursued, then they were also excluded.

[4] There were also over 80 claim forms from interns. Some people are counted in both the hourly and the salaried class, and thus the total number of unique individuals with valid claims is somewhat less than the total of the hourly class and the salaried class.

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

class, approve the joint position of the parties with respect to the following issues.

1. Claim Forms That Were Not Postmarked

There were many claim forms on which no postmark date was discernable. The parties agreed to follow the practice used by the Settlement Administrator in most other cases, in which all claim forms for which no date was discernable but which arrived on or before the last date on which a clearly timely postmarked claim form arrived, would be treated as timely. All claim forms for which no date was discernable which arrived later than the latest date on which a timely postmarked claim form arrived, were treated as untimely. Class Counsel requests that the Court approve application of this general rule to the settlement administration here.

2. Class Members Who Did Not Receive A Claim Form Until After Deadline

There were six class members who, due to changes in name and/or address, or for some other reason, aver that they did not receive a copy of the claim form until after the May 3, 2005 deadline for submission of executed claim forms, despite the Settlement Administrator's best efforts to locate current addresses. Each class member who made contact with class counsel subsequent to May 3, 2005 and asked for a claim form was provided with a claim form and asked to explain the reasons why a timely claim form was not submitted. This information was provided to Boeing, and Boeing has indicated that it does not object to these six women participating in the settlement distribution as if they had submitted their claim forms on time. A declaration from each woman explaining her circumstances is filed herewith under seal. *See* Exhibit A. Based on the explanations of these six women as set forth in their declarations, their diligence in contacting class counsel or the Settlement Administrator, and the fact that their claims were received

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

before the award distribution was calculated, Class Counsel requests that the Court approve their inclusion in the settlement distribution.

### 3. Class Members With Other Reasons for a Late Submission

There are three additional class members who provided explanations for why their claim forms arrived late and as to whom Boeing has no objection to their participation in the settlement. Two state or aver that they submitted timely claim forms, but the forms were not received, that they contacted the Settlement Administrator to confirm receipt, and when they learned that their claim forms were not on file, submitted a new form. Finally, a third class member avers that she misplaced her claim form, and submitted it very shortly after the deadline. Declarations or written statements from all three women are filed under seal as Exhibit B. Based on the explanations of these three women as set forth in their attached statements, their diligence in contacting the Settlement Administrator, and the fact that their claims were received before the award distribution was calculated, Class Counsel requests that the Court approve their inclusion in the settlement distribution.

### 4. Class Members Who Filed Opt-out Forms Prior to Settlement and Requested to Withdraw Opt-out and Participate in Class During Claims Phase

Two women who had submitted opt-out forms in response to the first notice issued following certification of the class in this case submitted timely claim forms stating that they had changed their minds and did not want to opt-out of the class. Boeing has no objection to these two women being permitted to participate in the settlement. (Statements from these women are filed under seal as Exhibit C hereto). Class Counsel accordingly requests that the Court approve the addition of these two women.

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

5. <u>Class Members Who Are Deceased</u>

Pursuant to section IV.B.1.b of the Consent Decree, claim forms on behalf of deceased class members were accepted when filed by an authorized representative of the Estate and accompanied by a certified copy of the death certificate. The parties agreed that claim forms from estates of decedents which did not provide answers to the questions in the claim forms would be treated in the same manner as claim forms from living class members were treated, and would be excluded from participation in the settlement if the questions in the claim forms were not answered in the affirmative. There were five claim forms returned by the representatives of the deceased that were not completed in accordance with the prerequisites of the Consent Decree and these do not qualify to participate in the settlement. Class Counsel requests that the Court approve the disqualification of these claim forms.

6. <u>Class Members in Bankruptcy or Subject to Garnishment</u>

The Settlement Administrator, class counsel, and Boeing have received notice from Bankruptcy Trustees or state agencies with garnishment orders with respect to several class members, stating that any sum payable to the class member should instead be paid to the Estate in Bankruptcy or pursuant to a garnishment order. Of these individuals, four submitted claim forms that did not qualify for participation in the settlement. As to the remaining class members, Class Counsel seeks the Court's approval to comply with the garnishment orders or direction of the Bankruptcy Trustees with respect to payment of the sums otherwise due to the class members. A list of the affected class members and the bankruptcy trustee or garnishor is filed under seal as Ex. D hereto. Class Counsel have sent notice to these class members of the notice we have received concerning payment of

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

their share of the settlement funds. Class counsel have further sent letters to these class members telling them that this matter would be put before this Court on November 25, 2005, so that if they had any reason to dispute the accuracy of the information provided by the bankruptcy trustees or garnishor, they would have the opportunity to bring such an issue to the Court's attention. In the absence of any objection from those class members, Class Counsel requests that the Court approve payment of funds due these class members pursuant to the settlement to the Estate in Bankruptcy or as directed by the order of garnishment.

B.   Distribution to the Class

The specific amount payable to each class members has been calculated by Boeing in accordance with section IV.B of the Consent Decree. A schedule identifying the gross amount payable to each of the 17,960 participating class members[5] is attached hereto as Ex. E and has been filed under seal.[6]

Boeing provided the calculation of individual class member awards to class counsel on October 21, 2005. Pursuant to section IV.B.2.f, this report is being submitted to the Court on November 10, 2005, less than 30 days following receipt of the calculation from Boeing. The same section provides that Boeing shall deliver to the Settlement Administrator checks made out to each class member in the amounts set forth in Ex. E, less applicable withholding of taxes pursuant to section IV.D.2 of the Consent Decree, by

---

[5] One eligible claimant who had submitted a timely claim form contacted class counsel and asked to be excluded from the distribution of funds. Class Counsel confirmed in writing that she wished to waive her right to receive a portion of the settlement, and the calculation of the awards to class members was done without including her.

[6] The amounts set forth on the attached Exhibit E do not include the awards already paid to the named plaintiffs and to 22 class members as set forth in section IV.C.4 of the Consent Decree and approved by this Court in its October 8, 2004 Order.

PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

January 14, 2006. Plaintiffs request that the Court issue an order approving the distribution in advance of that date so that checks can be mailed to class members as soon as possible after receipt of the checks from Boeing.

### C. Other Payments Pursuant to the Consent Decree

Pursuant to the Consent Decree, the Class Representative awards, service awards to 22 class witnesses, and payment of attorneys' fees and expenses will be deducted from the $72.5 million Total Fund before money is distributed to class members. Consent Decree, section IV.A.2. The amounts due to Class Representatives and the service awards to 22 of the class members have already been paid, as has the minimum amount of attorneys' fees awardable pursuant to the Consent Decree. section VIII. *See* Order, October 8, 2004 (awarding a preliminary payment of $9.4 million in attorneys' fees). Pursuant to section VIII.A, Class Counsel seeks payment of an additional $5.6 million in attorneys' fees from the Total Fund, bringing the total fees paid to $15 million, consistent with this Court's Order Granting Final Approval.

Finally, following distribution of the funds described above to both class members and class counsel, the parties will make a further submission to the Court with respect to the interest payment. Over $1 million in interest should be imputed to the Total Fund as of December, 2005. Consent Decree section IV.A.3. Pursuant to the Consent Decree, that interest will be available to pay for, among other things, class counsel's litigation expenses which exceeded the $3 million originally awarded for such expenses, for the expenses associated with the claims administration process, and for attorneys fees incurred for, among other services, implementing the settlement and monitoring Boeing's compliance with the decree. Section IV.A.3.

PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF SETTLEMENT FUNDS TO THE CLASS
(No. C00-0301P) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

DATED this 10th day of November, 2005.

Respectfully submitted,

By: \_\_\_/s/Michael D. Helgren_____
Michael D. Helgren, WSBA No. 12186
McNaul Ebel Nawrot & Helgren, PLLC
600 University Street, Suite 2700
Seattle, WA 98101-3143

By: \_\_\_/s/Christine E. Webber_____
Joseph M. Sellers
Christine E. Webber
COHEN, MILSTEIN, HAUSFELD
 & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Counsel for Plaintiffs

Confirmed as to the positions of The Boeing Company described herein:

By: \_\_\_/s/Geoffrey Weirich_____
C. Geoffrey Weirich, GA Bar #746455
Paul Hastings Janofsky & Walker, LLP
600 Peachtree St. NE
Atlanta, GA  30308-2222

Attorney for The Boeing Co.
PLAINTIFFS' MOTION FOR APPROVAL OF
DISTRIBUTION OF SETTLEMENT FUNDS TO
THE CLASS
(No. C00-0301P) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT
& HELGREN, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816